## ROCKWELL a. THE HARTFORD FIRE INSURANCE COMPANY.

*New-York Superior Court; Special Term, February,* 1857.

AGREEMENT TO INSURE.—PRAYER FOR JUDGMENT.—MODE OF TRIAL.

Where there is an agreement to insure and to deliver a policy, and a loss occurs before the delivery of a policy, it is not necessary that the assured should proceed to compel the delivery of a policy before he can recover the insurance, but he may maintain an action upon the agreement and the loss, taking judgment for payment of the amount due only.

Such an action being for the recovery of money only, is one which the Code requires to be tried by a jury.

Motion to set the cause down for trial on the jury calendar.

*E. Seeley,* for the motion.

*A. Boardman,* opposed.

OAKLEY, C. J.—This action has been noticed to be tried before the court and a jury. The plaintiff moves (the action having been reserved generally) that a day be designated for the

trial of it.   The defendant objects that it is only a trial by the court without a jury, while the plaintiff insists that it is an action for the recovery of money only, and that the Code (§ 253) requires all issues of fact, in such an action, to be tried by a jury.

The action is brought to recover the sum of $3,000 and interest, and the only relief which the complainant prays is a judgment for that sum.   The complaint alleges an agreement made by the defendant, by its agent, to insure and to deliver a policy, a payment of the stipulated premium, a loss by fire, non-payment of it, and a non-delivery of the policy, and an assignment of the assured's claim and demand to the plaintiff.

The authority of the alleged agent to make any agreement is denied, as is also his authority to make such an agreement as is set forth in the complaint.

I think the whole matter turns upon the point whether, assuming the facts to be as alleged in the complaint, the $3,000 can be recovered without first obtaining the delivery of an executed policy, or a judgment declaring that the plaintiff is entitled to such a policy.   This would be the test of this action, as between the original contracting parties.

The prayer of a complaint, after issues of fact are joined by answer to it,, does not of itself necessarily determine whether the action be one for the recovery of money only.

If there be no answer, the relief granted to the plaintiff cannot exceed that demanded by the complaint.   Hence, in this case, if no answer had been put in, if the plaintiff could not recover the $3,000 without having other relief first granted, as being indispensable to the existence of the right to a judgment to recover the money, a serious difficulty would be presented.

But when an answer has been put in, the court may grant any relief consistent with the case made by the complaint, and embraced within the issues (*Code,* § 275).

In this case, therefore, if all the facts alleged in the complaint be proved, the assured, if plaintiff, could have a judgment that a policy be executed and delivered, if that were a necessary preliminary to an award of a further judgment for the amount of the loss.   In that aspect the action would be one for special relief, in addition to the recovery of money.

But I do not think any such critical construction of the Code need be made to reach a correct conclusion on this motion.

When there has been an agreement to execute a policy, and no loss has occurred, the execution and delivery of one may be indispensable to the full and perfect relief of the assured. That relief could only be granted by a court of equity.

But when a loss has occurred, the execution and delivery of a policy is an idle ceremony, and does not appear to have been decreed in Perkins a. The Washington Insurance Company (4 Cow., 666). The company was decreed to pay the loss. In Carpenter a. The Mutual Safety Insurance Company (4 Sandf. Ch. R., 408), the opinion of the learned Vice-Chancellor is occupied mainly with the question whether the complainant had not a perfect remedy at law. Without expressing a definite opinion on that point, he came to the conclusion that the fact of a loss having occurred before suit was brought did not deprive the Court of Chancery of the jurisdiction which it would already have had if no loss had occurred. In Lightbody a. The New-York American Insurance Company (23 Wend., 25), an opinion is intimated that the assured had a perfect remedy at law.

If it is unnecessary to obtain a judgment that a policy be executed and delivered, then the action is clearly one for the recovery of money only.

The court should not order the action to be tried by the court without a jury, unless it is clearly of opinion that the execution and delivery of a policy must be adjudged to warrant a further judgment that the plaintiff recover the loss.

In this case, if the delivery of a policy was to be ordered, conforming to the contract, the policy would be issued, not to the plaintiff, but to the person insured. Whether the conditions annexed to the policies in the form commonly used by the Company allowed an assignment of it without the written consent of the Company, the pleadings do not disclose.

If a valid agreement to insure and deliver a policy was made, under which the Company are liable for the loss sought to be recovered, I am not prepared to say that any judgment should be given, except that the plaintiff recover the amount of the loss, not exceeding the sum insured.

If that is a correct view of the case, the action is one which the Code requires should be tried by a jury, and a day should be designated for the trial.