### SPRINGER v. ANGLO-NEVADA ASSUR. CORP.

*(Supreme Court, General Term, Fifth Department. October 23, 1890.)*

**1. INSURANCE—CANCELLATION OF POLICY—REINSURANCE.**

A fire insurance policy stipulated that it could be terminated on five days' notice. Such a notice was given by the company, and on the same day the premises were reinsured with defendant. On the evening of that day a loss occurred. *Held*, that insurer had the right to accept the cancellation the moment of service of notice, and to effect reinsurance.

**2. SAME—AUTHORITY OF AGENT.**

An insurance firm which effected the insurances had the right so to do if the first policy was canceled, provided the agent of the insurer was authorized to obtain insurance to the amount in question.

Appeal from circuit court, Erie county.

Action by Louise A. Springer against the Anglo-Nevada Assurance Corporation. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Truman C. White*, for appellant. *Arthur W. Hickman*, for respondent.

CORLETT, J. The plaintiff was the owner of a livery stable on Porter avenue, in the city of Buffalo, including its contents. In the latter part of the year 1887, or the commencement of 1888, her husband was her agent, and made an arrangement with Joseph Berlin to insure the stable and contents, and continue it, for the sum of $9,000. In pursuance of this arrangement the insurance firm of C. B. Armstrong & Co. effected insurances in various companies for that amount. One of the policies, for $1,000, was in the Merchants' Insurance Company of Newark, N. J. There was a provision in that policy to the effect that it could be terminated on five days' notice. Such a

notice was served about the 10th day of July, 1888, by North & Vedder, the agents for the Merchants', upon C. B. Armstrong & Co. The latter company immediately took steps to insure in another company, and keep the amount up to $9,000, and finally made an arrangement with the defendant, the substance of which was that it would take the risk. This agreement was consummated about 6 o'clock on the evening of the 10th of July, 1888, reserving the right of rejection if required by examination in the morning. A policy was written, which on its face took effect at the time of the agreement, but was not delivered. In the course of the night the stable and its contents were consumed by fire. A trial was had at the Erie circuit before Justice DANIELS and a jury on the 13th day of February, 1890, which resulted in a verdict for the plaintiff. The trial resolved itself into two contentions: one was as to whether there was a contract made between Mr. Woodworth and the representative of C. B. Armstrong & Co., on the evening of July 10th, to take the risk upon the plaintiff's property until the next day, and the other whether that took the place of the Merchants' policy. Both of these questions were submitted to the jury by the trial justice, which found for the plaintiff. The plaintiff's husband was a witness on the trial. He testified to the original contract of insurance for $9,000, and its continuance. As policies for that amount were effected and continued, or sought to be, it may be assumed that the contract was substantially as testified to by him. On this point there seems to be no controversy, as the evidence tended to show that the defendant made the contract alleged. But it is seriously urged on the part of the learned counsel for the appellant that the insurance in the Merchants' remained in full force until five days after the service of notice, and that therefore a reinsurance in the company of the defendant could not be legally effected until the expiration of that time. This would be so if by contract between the parties a cancellation could not be effected until five days after the service of notice. But it is manifest that this was for the benefit of the insured. If the company could terminate the policy at its option, the insured might be without protection by way of reinsurance. But the insured unquestionably had the right to accept the cancellation the moment of service of notice. The evidence tended to show that such was the case here, for her agents at once sought to effect a reinsurance, which, it is claimed, they accomplished. This amounted to a waiver on the part of the insured of the full time, and the defendant is in no position to urge the want of expiration of the time of notice if it made the contract alleged. This question, therefore, was properly submitted to the jury by the trial justice.

It is a familiar rule that an agreement to continue an insurance is valid, and that a recovery may be had before the issuance of the policy or the payment of premium. *Post* v. *Insurance Co.*, 43 Barb. 351; *Rockwell* v. *Insurance Co.*, 4 Abb. Pr. 179; *Lipman* v. *Insurance Co.*, 1 N. Y. Supp. 384. At the close of the evidence the trial justice fully charged the jury upon all the questions litigated upon the trial. The only exception taken by the defendant to the charge was as follows: "The defendant's counsel excepted to that portion of the charge in which it was charged that Armstrong & Co. would have the right to make the insurance with the defendant if the jury find the Merchants' insurance was canceled, provided Berlin was authorized to obtain and maintain insurance on the plaintiff's property to the amount of $9,000." It will be noticed that there is no exception based upon the theory that there was not evidence warranting the charge of the trial justice, but the exception proceeded upon the assumption that as matter of law the charge in that respect was erroneous without regard to the evidence. It is very clear that in this aspect the exception has no foundation to rest upon. The trial justice properly disposed of the requests to charge. It is not necessary to examine each in detail. The learned counsel for the appellant argues that there could be no recovery under the pleadings, because no policy was actu-

ally issued, and that proof of a contract to insure was not equivalent to a policy. The theory of the cases is that a contract to insure is equivalent to the actual issuing of the policy; but no objection was made to the agreement on the trial by the defendant, nor was the defect of the pleadings made the basis of the motion for a nonsuit. If a specific objection had been taken, or the attention of the court called to the point, the defect, if any, might have been remedied by amendment; but no such point as is now urged, having been taken on the trial, it cannot be successfully urged on appeal. There seem to have been no substantial errors on the trial requiring a reversal, and the judgment must be affirmed. All concur.