WATERLOO LUMBER COMPANY and N. J. BROWN v. DES MOINES INSURANCE COMPANY, Appellant.

**Insurance:** CANCELLATION OF POLICY BY SURRENDER. Where, as in this case, agents representing different companies, with full power to issue policies, it appeared that they had issued a policy to plaintiff and reported it to the company but immediately thereafter the company directed its cancellation and the agents wrote a new

policy in another company for the same amount, upon which the premium already paid was applied, and after a loss and explanation of the facts the plaintiff returned the original policy and accepted the new one, there was a surrender which effected a cancellation of the original policy precluding recovery thereon, although on the day previous to suit plaintiff's attorneys tendered the agents the new policy and demanded a return of the one surrendered.

*Appeal from Black Hawk District Court.*—HON. FRANK-
LIN C. PLATT, Judge.

TUESDAY, MARCH 7, 1911.

SUIT on a fire insurance policy, and a judgment thereon for the plaintiffs. The defendant appeals.—*Reversed.*

*Read & Read,* for appellant.

*Edwards & Longley,* for appellees.

SHERWIN, C. J.—This cause was submitted to the court without the aid of a jury. The controlling facts are that the firm of Jameson & French was the recording agent of the defendant and of the Iowa Manufacturers' Insurance Company of Waterloo. The plaintiffs authorized Jameson & French to place certain insurance for them in some of their companies. Thereupon Jameson & French write a policy in the defendant company and delivered it to the plaintiffs, receiving from them the stipulated premium therefor. Upon receiving the report as to the policy so issued, the defendant immediately wrote to Jameson & French that it would not carry the risk at the rate fixed and directing that the policy be canceled. This letter was received by the agents a day or two before the fire, and upon its receipt they at once wrote a policy for the same amount and at the same rate in the Iowa Manufacturers'

Insurance Company, and gave said company credit for the premium which had been paid by the plaintiffs. The loss occurred in the evening of February 7th, at which time the policy, written and properly signed, in the Iowa Manufacturers' Company had not been delivered. In the morning of the 8th of February, Mr. London, who represented Jameson & French, learned of the plaintiffs' loss and immediately went to the plaintiffs' office, taking with him the policy in the Iowa Manufacturers' Insurance Company. He then told the plaintiffs that the defendant had declined their risk and requested a cancellation of its policy, and that Jameson & French had rewritten the insurance the day before in the Iowa Manufacturers' Insurance Company. He asked the plaintiffs to accept the latter policy and return to him the defendant's policy, and upon his statement that it was all right for them to do so, the plaintiffs accepted the policy in the Iowa Manufacturers' Insurance Company and delivered to London the defendant's policy. Later, and before this suit was brought, the Iowa Manufacturers' Insurance Company, with full knowledge of the circumstances, accepted the premium for its policy and retained the same, and the plaintiffs have retained the policy issued by said company. It should be said, however, that the day before this suit was commenced, the plaintiffs' attorneys tendered to Jameson & French the policy of the Iowa Manufacturers' Insurance Company and demanded the policy in the defendant company. The demand was refused and the plaintiffs retained the Iowa Company's policy.

It appears without question that the plaintiffs knew that the defendant had ordered its policy canceled and that it had been canceled by Jameson & French. They also knew that their risk had been rewritten in the Iowa Manufacturers' Company by Jameson & French. If, with such knowledge, they surrendered the defendant's policy and accepted the policy in the Iowa Manufacturers' Com-

pany tendered them by Jameson & French, through their agent, we do not see how the defendant can be held liable on its policy. The plaintiffs would certainly be bound by such action, unless it was induced by some wrongful act on the part of Mr. London, and no suggestion of that kind is made. *Larsen v. Ins. Co.*, 208 Ill. 166 (70 N. E. 31); *Springer v. Anglo-Nevada Co.*, 58 Hun, 601 (11 N. Y. Supp. 533). The plaintiffs says that Jameson & French were not their agents in procuring the policy in the Iowa Manufacturers' Company, nor in consenting to the cancellation of the defendant's policy. But whether or not the plaintiffs were bound by their surrender of the one policy and the acceptance of another does not depend upon the question whether Jameson & French were the plaintiff's agents. They were the agents of both insurance companies, with power to issue policies, and the plaintiffs in dealing with them were dealing with both companies; and when they voluntarily surrendered the defendant's policy and accepted another in place thereof, it operated as a cancellation of the former without further action on the part of either. The policy in the Iowa Manufacturers' Insurance Company was properly executed and ready for delivery before the loss occurred, and that it could be delivered after the loss would seem to be unquestionable. Indeed, it is not questioned here. But see *New York Ins. Co. v. Babcock*, 104 Ga. 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134); 1 May on Insurance (4th Ed.) section 60.

As there will have to be a reversal of the judgment for the reasons pointed out, we need not discuss other matters presented.—*Reversed.*