In the Matter of the Claim of HARRY SEIDERMAN, Respondent, against HERMAN PERLA, INC., and GLOBE INDEMNITY COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

(Argued May 21, 1935; decided July 11, 1935.)

*F. A. W. Ireland* for appellant.

*John J. Bennett, Jr.,* Attorney-General (*Hector A. Robichon* of counsel), for State Industrial Board, respond-

ent. The appellant was properly held on the risk. (*Dobroski* v. *Supreme Window Cleaning Co.*, 213 App. Div. 838; *Manchuk* v. *Eisenberg*, 215 App. Div. 850; *Renna* v. *Maio*, 241 App. Div. 641.) The extension of the period of coverage was properly extended by the Industrial Board to include the time of the accident. (*Liverpool & London & Globe Ins. Co.* v. *Kearney*, 180 U. S. 132; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Paul* v. *Travelers' Ins. Co.*, 112 N. Y. 472; *Evelyn Building Corp.* v. *City of N. Y.*, 257 N. Y. 501.) The attempted cancellation of the insurance contract on one day's notice was ineffectual. (*Hicks* v. *British America Assur. Co.*, 162 N. Y. 284; *Lipman* v. *Niagara Fire Ins. Co.*, 121 N. Y. 454; *Matter of Arner* v. *Manhattan Spring & Couch Co.*, 264 N. Y. 101; *Matter of Teufel* v. *Lido Club*, 228 App. Div. 870; *Matter of Aioss* v. *Sardo*, 249 N. Y. 270; *Hamberger* v. *Wolfe-Smith Co.*, 205 App. Div. 739.)

Hubbs, J. On January 14, 1933, at eleven-thirty A. M., an insurance broker, acting for the employer, Herman Perla, Inc., submitted to the Trupin Agency, Inc., agent for the Globe Indemnity Company, appellant, an application for a workmen's compensation policy. The agency, at that time, indorsed upon the application its acceptance and issued a binder as agent of the Globe Indemnity Company for a period of fifteen days, which by its terms would expire upon January 29th, at eleven-thirty A. M.

The effect of the transaction was to insure the employer from the date of the binder until eleven-thirty A. M. on January 29th, unless the risk was legally canceled by the Globe Indemnity Company prior to that time. A binder, or binding slip, as it is sometimes called, constitutes a written memorandum of the important terms of a contract of insurance which gives temporary protection to the insured pending the investigation of the risk by the insurance company or until a formal policy is issued. When the binder was signed by the agent of the Globe

Indemnity Company and delivered to the broker, the contract of insurance was closed and the binder became in effect the same as a regular insurance policy including by inference all the terms of a regular policy. The application stated that it was submitted to the " Globe Indemnity " and the acceptance was signed by the agent of that company. On January 28th, 1933, the Trupin Agency wrote to the broker who submitted the application for the policy the following letter:

" *January* 28, 1933.

" MAX E. WEISS,

" 60 John Street,

" New York City

" Re: Compensation & Liability Herman Perla Inc.

" DEAR SIR: Kindly be advised that we have been unable to place the above captioned risks on account of class of business and hazardous machines used.

" We are, therefore, forced to close our files on same and would kindly thank you to return above binders to our office within five days for cancellation as same will be void by then.

" We regret our inability to be of service to you in this particular business.

" Very truly yours,

" TRUPIN AGENCY

" JACK TRUPIN

" Per D."

Thereafter, and after the binder had expired according to its tems on Feburary 2d, the claimant was injured in the course of his employment. The Industrial Board has found that the letter quoted constituted an extension of the binder for five days from the date of the letter and that it was in force and covered the risk at the date of claimant's injury.

We are unable to find any justification for such finding. The binder according to its terms expired before .claimant's injury. If the letter had not been written, the risk

would not have been covered by the binder, as it had expired.

The letter clearly advised the broker that the agency had been unable to place the risk and stated the reasons why it had been unable to do so. That statement was notice to the broker and the employer that the agency was without authority to grant further insurance and, therefore, was prohibited from extending the term of the binder. The sentence " We are, therefore, forced to close our files on same," could have had no other meaning.

The request to return the binder within five days, in view of the prior statements in the letter, could not by any possibility have had the effect of extending the terms of the binder.

This is not a case of attempted cancellation of a policy or binder before it expired according to its terms, by the service of notice upon a broker. The only question involved in this case is whether the insurance company's agent legally extended the term of the binder.

The award against the Globe Indemnity Company, appellant, should be reversed and the claim against it dismissed, with costs against the Industrial Board.

The order of the Appellate Division and the award of the State Industrial Board should be modified in accordance with this opinion and as so modified affirmed, with costs in this court and in the Appellate Division to Globe Indemnity Company against the State Industrial Board.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.