EVERETT WALTON, Appellant, *v.* STERLING FIRE INSURANCE Co., INC., Respondent.

Fourth Department, March 2, 1960.

*Darch & Noonan* (*William J. Darch* of counsel), for appellant.

*Robert Lamont* for respondent.

*Per Curiam.* Plaintiff seeks to recover under a renewal of a standard form of fire policy for the loss of household and personal property insured thereunder. Defendant's predecessor, Wyoming Valley Fire Insurance Company, Warsaw, New York, insured plaintiff under a three-year policy commencing April 28, 1953. It is claimed by the plaintiff that on March 28, 1956 defendant, by its duly authorized agent, renewed the policy of insurance for a further period of three years upon the same terms and conditions as were contained in the earlier policy and that in reliance upon such renewal plaintiff paid defendant's agent the premium charged. During the period of renewal on March 4, 1957, a fire occurred destroying and damaging the property covered in excess of the $6,000 insurance coverage.

Defendant thus far has succeeded in resisting recovery upon the ground that pursuant to subdivision 3 of section 168 of the Insurance Law the renewal was only a binder which expired 60 days subsequent to the renewal order and that accordingly, at the time of the fire, plaintiff was without insurance on the property claimed to be insured. The Trial Justice at the close of the evidence sustained defendant's position and dismissed the complaint on the merits. We are not in accord with the disposition thus made.

The facts disclose that Wyoming Valley Fire Insurance Company merged into Sterling Fire Insurance Co., Inc., the defendant herein, in 1953 and that the Bliss Agency, the former agent of the merged company, entered into a general agency agreement with defendant. One, Brown, was employed by the Bliss Agency for several years and had written various policies in behalf of that agency, as agent of the merged company, covering property of the plaintiff. About a week prior to April 28, 1956, the date

of expiration of the old policy, Brown called on plaintiff and inquired whether plaintiff desired to renew the policy. Plaintiff answered in the affirmative. On March 4, 1957, more than 10 months following the expiration of the earlier policy, the fire loss occurred. Thereafter, Mr. Brown, who had left the employ of the Bliss Agency before the fire loss, interviewed plaintiff with his successor, one Mr. Goff. Mr. Brown had with him the office copy of the old policy and advised plaintiff he had difficulty finding the new one. On the same occasion, Mr. Brown stated that he had ordered the renewal and showed Mr. Goff and plaintiff the notation in his handwriting on the old policy, " renewal ordered ". These words were written upon the office copy of the old policy about a week before its expiration.

We need not review conflicting testimony in view of the dismissal at the close of the evidence for we must give to plaintiff the most favorable inferences to be drawn from the evidence. Viewing the evidence in that light, we believe it was sufficient to warrant sending the case to the jury and that it was error to grant defendant's motion. In our opinion, the Trial Justice was in error in concluding that the transaction in question constituted a binder rather than a renewal of the old policy.

There is a clear distinction between an oral agreement to renew an existing policy as in this case and the binding of a risk as contemplated by subdivision 3 of section 168 of the Insurance Law (*Matter of Seiderman* v. *Herman Perla, Inc.*, 268 N. Y. 188; *Lipman* v. *Niagara Fire Ins. Co.*, 121 N. Y. 454, 457; 3 Richards, Insurance [5th ed.], § 509, pp. 1638–1647). It should be pointed out that this was not an oral agreement to issue an original contract of insurance but was to renew a policy about to expire (see 15 A. L. R. 1012; 69 A. L. R. 570; 92 A. L. R. 238). Support for the valid renewal of an existing policy of insurance by a verbal contract is to be found in *Post* v. *Aetna Ins. Co.* (43 Barb. 351); *Springer* v. *Anglo-Nevada Assur. Corp.* (58 Hun 601, 11 N. Y. S. 533) and *Underwood* v. *Pennsylvania Fire Ins. Co.* (143 N. Y. S. 105). (Cf. *Lewitt & Co.* v. *Jewelers' Safety Fund Soc.*, 249 N. Y. 217, 221.) Such a contract does not violate the Statute of Frauds since it may be performed within a year upon the happening of a contingency (*International Ferry Co.* v. *American Fid. Co.*, 207 N. Y. 350, 353; *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305). Validity of a parol renewal was recognized in *Squier* v. *Hanover Fire Ins. Co.* (162 N. Y. 552, 555). (See, also, *Springer* v. *Anglo-Nevada Assur. Corp.*, 58 Hun 601, 11 N. Y. S. 533, *supra.*) Implicit in such renewal is that the terms of the existing policy are to be contained in the

absence of a contrary intention (*Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235, 239).

There is sufficient in the record to have required the submission of this case to the jury and the judgment must, therefore, be reversed and a new trial granted.

Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Judgment and order unanimously reversed on the law and a new trial granted, with costs to the appellant to abide the event.