# THIRD DEPARTMENT, APRIL, 1981

## (April 2, 1981)

■ HENRY E. BREED et al., Appellants, v INSURANCE COMPANY OF NORTH AMERICA, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term, entered November 13, 1979 in Rensselaer County, which granted defendant's motion for summary judgment and denied plaintiffs' cross motion to amend their complaint, and (2) from the judgment entered thereon. On October 11, 1969 the defendant issued a policy of insurance covering plaintiffs' premises. Among other hazards, the policy insured against loss by theft by a tenant in the covered property. A second policy, not containing coverage for tenant theft, was issued on October 11, 1972,

the date the first policy expired. Following a theft by a tenant on January 26, 1973, the resultant lawsuit for value of the stolen property was dismissed by the Court of Appeals which concluded the loss was not covered *(Breed v Insurance Co. of North Amer.,* 46 NY2d 351, mot for rearg den 46 NY2d 940). Thereafter, on January 18, 1979, plaintiffs served a complaint alleging that defendant, acting through its agent, had orally agreed to renew the original policy on October 11, 1972 with the theft by tenant hazard covered. Since the second policy did not contain such a covenant, plaintiffs sought to recover the value of the stolen property by way of damages incurred as the result of defendant's breach of their oral contract. The defendant answered and moved for summary judgment dismissing the complaint. Plaintiffs cross-moved to amend the complaint so as to plead actions in mutual mistake and fraud. Since the oral promise relied upon by plaintiffs was incapable of being performed within one year of its making, it violates the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1) and is void as a matter of law *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171). The admission in the bill of particulars, which may be considered on a motion for summary judgment *(Rijek Realty v Crist,* 16 AD2d 964), that the oral agreement "was made a number of years prior to October 11, 1969" clearly indicates that such oral promise was incapable of being performed within one year of its making. Even if we concede that plaintiffs erred as to the date and intended to state in the bill of particulars that the oral promise "was made a number of years prior to October 11, 1972", the date the second policy was issued, the same infirmity with respect to the promise being incapable of being performed within one year would obtain. It necessarily follows that since the oral promise is void, neither the complaint nor the proposed amended complaint could state a cause of action in reliance upon the alleged oral promise. Order and judgment affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.