■ OLIN W. YAUCHLER, Appellant, v ROBERT L. BAILEY et al., Respondents.—Weiss, J. Appeal from an order and judgment of the Supreme Court, entered April 18, 1985 in Schenectady County, which set aside a verdict in favor of plaintiff rendered at Trial Term (Viscardi, J.), and dismissed the complaint.

---

On or about January 16, 1973, plaintiff allegedly entered into an oral agreement with defendant Robert L. Bailey, an agent for defendant State Farm Fire and Casualty Company (State Farm), pursuant to which Bailey was to replace insurance coverage on plaintiff's two-family house located at 1469 State Street in the City of Schenectady, which coverage had previously been provided by Callahan Agency (Callahan). It appears that the Callahan coverage included both casualty and fire insurance, but that Bailey placed only fire insurance coverage on the property with State Farm. Plaintiff, upon trial, testified that he gave the Callahan policies to Bailey with instructions to replace them with identical coverage, and that Bailey stated he knew what plaintiff needed. Bailey procured a policy for fire insurance increasing the coverage from the $16,000 previously written by Callahan to $25,000. Unlike the three-year policies issued by Callahan, Bailey wrote one-year policies effective January 16, 1973 and annually renewed in 1974, 1975 and 1976. In February and March 1976, separate actions were commenced against plaintiff by John Boilard and Concetta Boilard, seeking damages for personal injuries sustained in falls upon plaintiff's property during the 1975 calendar year. When plaintiff delivered the processes to Bailey, he was advised that the insurance coverage provided was for fire only and did not include casualty coverage. This action was commenced seeking a judgment declaring that full liability insurance was in effect, requiring defendants to defend the Boilard lawsuits and awarding counsel fees. The trial court granted defendants' motion to set aside the jury verdict in favor of plaintiff and to dismiss the complaint on the ground that the oral contract was violative of the Statute of Frauds. This appeal by plaintiff ensued.

Initially, we observe that defendants did not waive the Statute of Frauds defense. Although this defense was not listed in the open-court pretrial oral stipulation designed to limit the issues at trial, it was raised in defendants' amended answer and was clearly intended to remain in effect (see, Columbia Broadcasting Sys. v Roskin Distribs., 31 AD2d 22, 24-25, affd 28 NY2d 559).

Plaintiff maintains that the trial court erred in concluding that Bailey's purported oral agreement to procure both fire and liability insurance was unenforceable as violative of the Statute of Frauds. We agree. Pursuant to General Obligations Law § 5-701 (a) (1), a writing is required for every contract which "[b]y its terms is not to be performed within one year from the making thereof". The statute is construed narrowly

and applies "to those contracts only which by their very terms have absolutely no possibility in fact and law of full performance within one year" *(D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454). Here, the jury confirmed the existence of an oral contract to provide full liability coverage effective January 16, 1973 and extending through January 16, 1974 *(cf. Breed v Insurance Co.,* 81 AD2d 675, 676, *lv denied* 54 NY2d 604). In determining whether the statute applies, the date upon which the contract was entered is excluded, leaving a period of coverage from January 17, 1973 through January 16, 1974 (General Construction Law § 20). By its terms, then, this agreement had to be performed within one year. The parties further had the annual option of canceling or renewing coverage *(see, D & N Boening v Kirsch Beverages, supra,* pp 455-456). As indicated, the contract was renewed annually, basically under the same terms as the original agreement *(see, Walton v Sterling Fire Ins. Co.,* 10 AD2d 54, 56-57). Since the controlling factor in our inquiry is the "continuance of liability" *(Grissman v Union Carbide Corp.,* 279 F Supp 413, 416), we look to the contract extending from January 16, 1975 to January 16, 1976, covering the period during which the Boilard claims arose. This contract was clearly to be performed within one year and thus the Statute of Frauds was not violated *(see, Trustees of First Baptist Church v Brooklyn Fire Ins. Co.,* 19 NY 305, 307-309). Accordingly, the trial court's decision should be reversed and the jury verdict reinstated.

Order and judgment reversed, on the law, without costs, and the jury verdict in favor of plaintiff is reinstated. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.