■ THE TRAVELERS INDEMNITY COMPANY OF AMERICA et al., Respondents, v ROYAL INSURANCE COMPANY OF AMERICA et al., Appellants. [802 NYS2d 125]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 18, 2005, which, in an action by an insured (Byrne) and its insurer (Travelers) against an insured (Woodworks) and its insurer (Royal), insofar as appealed from, denied defendants' motion for summary judgment declaring that (1) Woodworks had no obligation to procure general liability insurance for Byrne, and that (2) Royal has no obligation to defend and indemnify Byrne in an action brought by Woodworks' employee for personal injuries sustained at a construction site, unanimously affirmed, without costs.

It appears that Byrne, a fabricator of woodwork with a plant in Delaware, entered into an agreement with Woodworks for the latter to offload and install Byrne's woodwork at the site. The only writing evidencing this agreement is a letter from Woodworks to Byrne that merely submits a bid for the work. We reject defendants' argument that because there is no written contract obligating Woodworks to procure insurance for Byrne, as a matter of law Woodworks was under no obligation to do so. An oral contract to provide insurance for up to one

year is not precluded by the statute of frauds (see *Yauchler v Bailey*, 116 AD2d 905 [1986]). Here, an issue of fact as to whether Woodworks orally agreed to procure insurance is raised by the affidavit of Byrne's former project manager stating, inter alia, that Byrne and Woodworks had a long-standing relationship, their dealings were often expressed informally, and Woodworks had always procured insurance for Byrne and provided it with certificates of insurance as proof thereof. The affidavit has considerable support in a certificate of insurance for the relevant time period naming Woodworks as the insured, Royal as an insurer and Byrne as the certificate holder (see *Horn Maintenance Corp. v Aetna Cas. & Sur. Co.*, 225 AD2d 443, 444 [1996]).

We also reject defendants' argument that even if Woodworks were obligated to procure insurance for Byrne, as a matter of law Royal is under no obligation to defend or indemnify Byrne in the personal injury action. While Royal's policy with Woodworks nowhere identifies Byrne by name, it does provide additional insurance for "[a]ny person or organization [Woodworks is] required by written contract, agreement or permit to name as an insured" and for whom Woodworks performs work at the location designated in the contract, agreement or permit. Defendants argue that the word "written" modifies not just "contract" but also "agreement" and "permit," but, in that regard, we find an ambiguity. Defendant's interpretation appears to eliminate any difference in meaning between the words "contract" and "agreement," seemingly rendering one or the other superfluous, contrary to settled rules of construction (see *Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621, 632-633 [1997]). Thus, an issue of fact exists as to whether Royal's policy covers Byrne as an additional insured by virtue of Woodworks' alleged oral "agreement" with Byrne to procure insurance. Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.