■ HOSPITAL FOR JOINT DISEASES, as Assignee of MIGUEL SALGADO, Appellant, v HERTZ CORPORATION et al., Respondents. [803 NYS2d 670]—

In an action to recover no-fault medical payments under an

insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dunne, J.), dated January 4, 2005, which granted the defendants' motion, inter alia, to modify the amount of a judgment of the same court dated August 5, 2004, which was in its favor and against the defendants in excess of the $50,000 statutory limit of the policy, and to quash an information subpoena.

Ordered that the order is affirmed, with costs.

The plaintiff hospital, as assignee of Miguel Salgado, commenced this action against the defendant insurers to recover no-fault medical payments under an insurance contract. In an order dated March 12, 2003, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the complaint to recover no-fault medical payments, and the plaintiff appealed. By decision and order dated July 12, 2004, this Court reversed the order insofar as appealed from and granted the motion (*see Hospital for Joint Diseases v Hertz Corp.*, 9 AD3d 392 [2004]). Thereafter, the Supreme Court entered judgment in favor of the plaintiff and against the defendants in the total sum of $52,841.88.

The defendants subsequently moved, inter alia, to modify the amount of the judgment which exceeded the $50,000 statutory limit of the policy, and to quash the information subpoena served upon them. The evidence submitted in support of the motion established, among other things, that the defendants' payments to other health providers and the defendants' payment of the plaintiff's initial claim totaled $23,744.21, and that the defendants forwarded to the plaintiff the remaining amount they were obligated to pay under the policy, namely, $26,255.79, which resulted in the $50,000 policy limit being exhausted. The Supreme Court granted the defendants' motion, finding that the defendants' payment satisfied the judgment and exhausted the policy limit, and that the information subpoena was rendered academic.

"[W]here as here, an insurer has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease" (*Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co.*, 216 AD2d 448 [1995]; *see Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533, 534 [2004]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 570 [2004]). Therefore, the Supreme Court properly granted the defendants' motion, inter alia, to modify the judgment and to quash the information subpoena.

Contrary to the plaintiff's contention, the defendants were not collaterally estopped from raising the issue of whether the

limits of the policy were exhausted, as the defendants were not previously afforded a full and fair opportunity to contest that issue (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449 [1985]). Rather, they were only previously afforded a full and fair opportunity to contest whether the subject injury and treatment were causally related to the motor vehicle accident.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.