■ ALTEGRA CREDIT COMPANY, Appellant, v TIN CHU et al., Defendants, and WING KWAN LEE GEE, Intervenor-Respondent. [816 NYS2d 140]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated March 25, 2004, which granted the motion of the intervenor-respondent, Wing Kwan Lee Gee, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Altegra Credit Company (hereinafter Altegra), commenced this action to foreclose a mortgage that WMC Mortgage Corporation (hereinafter WMC), Altegra's predecessor-in-interest, made with Tin Chu, the son of the intervenor-respondent, Wing Kwan Lee Gee. In a prior criminal action, Chu was charged with forging a deed to the affected property (from Gee to himself), and then using that forged instrument to obtain the mortgage. Chu was convicted of grand larceny in the second degree and forgery in the second degree, and sentenced to imprisonment.

Gee intervened in the foreclosure action and moved, inter alia, for summary judgment, arguing that the plaintiff was collaterally estopped from pursuing foreclosure since the jury in the criminal action had already decided that the deed transfer and the mortgage were invalid. Altegra opposed the motion arguing, inter alia, that the doctrine of collateral estoppel was inapplicable under the facts and circumstances of this case. The Supreme Court granted the motion and declared the deed and mortgage executed by Chu to be null and void. We affirm.

"The doctrine of collateral estoppel, a narrower species of *res judicata*, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]; *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147 [1988]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65 [1969]). Two well-settled requirements must be satisfied in order to invoke the doctrine. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *see Buechel v Bain*, 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]).

With respect to the first requirement, it is undisputed that Chu's conviction could not have resulted without a concomitant determination that the deed and mortgage in question were fraudulent (*see* Penal Law §§ 155.40, 170.10). Therefore, the issue of the validity of these documents was clearly raised in the criminal proceeding and decided against Chu (*see e.g. S.T. Grand, Inc. v City of New York*, 32 NY2d 300 [1973]; *Vavolizza v Krieger*, 33 NY2d 351 [1974]).

The issue of whether a party has had a full and fair opportunity to contest the prior decision "requires consideration of the 'realities of the litigation' " (*Staatsburg Water Co. v Staatsburg Fire Dist., supra* at 153, quoting *Gilberg v Barbieri*, 53 NY2d 285, 292 [1981]; *see Buechel v Bain, supra*; *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261 [1988]), and "the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of resources of the court and the litigants, and the societal interests in consistent and accurate results. No

rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings" (*Staatsburg Water Co. v Staatsburg Fire Dist., supra* at 153). It has also been held that "privity is 'an amorphous concept not easy of application'. . . and 'includes those whose interests are represented by a party to the action' " (*Buechel v Bain, supra* at 304, quoting *Matter of Juan C. v Cortines,* 89 NY2d 659, 667-668 [1997]).

Here, at the time of the criminal trial, there was a unity of interest between Chu and Altegra inasmuch as both parties had a stake in establishing the validity of the mortgage/deed transaction. Therefore, since there was "privity" between Chu and Altegra, the latter cannot now claim that it was denied a full and fair opportunity to litigate said issue in the criminal proceeding (*see Buechel v Bain, supra*).

Accordingly, the Supreme Court correctly held that Altegra was collaterally estopped from proving that the underlying deed and mortgage should be given legal effect. Consequently, the court properly granted Gee's motion, inter alia, for summary judgment dismissing the foreclosure complaint.

The plaintiff's remaining contentions are without merit. Crane, J.P., Santucci, Luciano and Skelos, JJ., concur. [*See* 2 Misc 3d 1010(A), 2004 NY Slip Op 50241(U) (2004).]