■ DAVID KLEINMAN et al., Appellants, v E.L. TOOL & DIE CO. INC., Also Known as E.L. TOOL & DIE INC., et al., Respondents. [817 NYS2d 217]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 6, 2005, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

During 1996-1997, plaintiffs David Kleinman and Dorothy Kleinman made a series of loans totaling $200,000 to defendants E.L. Tool & Die Co. Inc., also known as E.L. Tool & Die Inc., and Earings by Cristina, Inc., also known as Earrings by Cristina, Inc. In four separate instances, plaintiffs loaned $50,000 to defendants and received as security a postdated check in the amount of $50,000, endorsed by nonparties John Ricotta (officer and shareholder of E.L. Tool & Die Co. Inc.) and Cristina Verez (principal of Earrings by Cristina, Inc.). Plaintiffs received $5,000 of prepaid interest and $1,000 in interest per month on each loan.

On September 26, 1997, Ricotta delivered a mortgage note in the amount of $200,000 payable to plaintiffs and agreed to place a mortgage on his home. The mortgage was being paid at a rate of 24% interest per annum. At the time this new note was delivered to plaintiffs, the postdated corporate checks were returned to defendants.

Ricotta defaulted on his mortgage note, and plaintiffs com-

menced an action against him in Westchester County (*Kleinman v Ricotta*, Index No. 3315/00, Colabella, J.) for repayment of the loan. The court concluded:

"Defendant Jack Ricotta was not personally liable for the corporate loans since the postdated checks were returned to defendants at the time the mortgage was executed. Thus the mortgage and note executed by defendant Jack Ricotta was a new obligation and not additional security for a corporate debt. There is no allegation in the complaint that the mortgage was given as additional security for any corporate debt.

"Pursuant to General Obligations Law Section 5-501 and Banking Law Section 14-1, the interest rate of 24% on the note and mortgage exceeded the 16% statutory maximum and is usurious. Thus the note and mortgage are null and void as a matter of law. The plaintiff's mortgage is hereby cancelled and discharged of record."

On October 15, 2002, Ricotta filed a voluntary petition proposing a reorganization under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. Plaintiffs then filed a proof of claim in the Bankruptcy Court asserting a secured claim in the amount of $294,000 based on Ricotta's mortgage note and mortgage which had been declared null and void. On September 4, 2003, Ricotta filed a first amended plan of reorganization providing for the treatment of plaintiffs' bankruptcy claim. In essence, under the reorganization plan, plaintiffs received a payment of $70,000, and a mortgage lien and promissory note in the amount of $30,000. Plaintiffs voted to accept the reorganization plan regarding their claim, which was confirmed by the order of the Bankruptcy Court.

Plaintiffs moved to vacate the Westchester County order as a "housekeeping" matter based on Ricotta's bankruptcy proceeding. In an order dated September 30, 2004, Justice Colabella denied their motion to vacate the order, stating: "This Court previously declared the original note and mortgage null and void, and cancelled and discharged the mortgage. The fact that the parties thereafter agreed to a new note and a modification and extension of the original mortgage has no bearing on the Court's decision, and is not a basis for vacatur."

Prior to receiving a copy of the court's order, on September 2, 2004, plaintiffs commenced this action against defendants for money had and received, breach of contract and unjust enrichment. The complaint alleged that defendants collectively borrowed $200,000 which they never repaid.

Defendants moved to dismiss the complaint, arguing that

plaintiffs accepted the mortgage note and mortgage from Ricotta in full satisfaction of the corporate obligation. Defendants contended that "[t]here can be no other conclusion as plaintiffs, on September 26, 1997, gave up the instruments of the corporate debts, the postdated checks, when plaintiffs accepted the mortgage note of Ricotta." Defendants asserted that this conclusion was consistent with Justice Colabella's holding that the mortgage executed by Ricotta was a new obligation, and not additional security for a corporate debt.

Plaintiffs opposed the motion arguing that defendants did not dispute that "the money was lent, that they have not repaid it, or that the loans were valid legal obligations when made." Plaintiffs argued that there was no evidence in the record that defendants were released from their obligation to repay the loans when Ricotta gave them a mortgage note secured by his home. Plaintiffs argued that "[t]he only reasonable implication that can be drawn from the court's decision is that in that court's view there were valid and subsisting corporate loan obligations subsequent to the execution and delivery of Mr. Ricotta's personal mortgage." Plaintiffs argued that Justice Colabella's decision demonstrated that there were valid legal obligations at the time of Ricotta's default in paying the mortgage, and that the loan obligations were not satisfied simply by the delivery of a mortgage note to plaintiffs. Moreover, plaintiffs argued that Justice Colabella never held that the corporate loans were repaid, released or discharged.

The court granted defendants' motion to dismiss the complaint, stating:

"As to breach of contract, it is true, as plaintiffs argue, that Justice Colabella did not expressly rule that the four $50,000 loans had been repaid. However, if, as Justice Colabella found, the mortgage and note was a new obligation, Mr. Ricotta must have received some consideration for issuing them. The plaintiffs have not suggested otherwise. Nor have they suggested that he received any consideration for the $200,000 mortgage other than the extinguishment of the four $50,000 loans. In effect, in September, 1997, the plaintiffs loaned Mr. Ricotta $200,000 to pay off the four loans and, in return, received a $200,000 mortgage and note. Since the plaintiffs have not suggested that the transaction was based on any other consideration, it is clear that, given Justice Colabella's decision, the complaint fails to state a cause of action for breach of contract since the four loans must be considered to have been repaid.

"As to the plaintiff's causes of action for money had and

received and unjust enrichment, these claims are unavailable where the transactions at issue were otherwise governed by an express contract . . . . The fact the note and mortgage were subsequently found by Justice Colabella to be unenforceable does not change the fact that the four loans were, by agreement, deemed to have been repaid and, thus, extinguished." (Citations omitted.)

For the reasons set forth below, we reverse the order and find that defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) should be denied. At the outset, it is clear that the action is not barred by collateral estoppel (*Color By Pergament v O'Henry's Film Works*, 278 AD2d 92, 93 [2000], citing *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). In the Westchester County action, Justice Colabella determined that Ricotta was not personally liable for the corporate loans. However, the court simply did not decide whether the underlying corporate debt owed to plaintiffs by E.L. Tool & Die Co. and Earrings by Cristina, Inc. had been released.

Nor do we find any basis to conclude that the mortgage transaction executed between Ricotta and plaintiffs extinguished the corporate debt owed to the plaintiffs. There is no indication that plaintiffs ever released the corporate debt in such a manner as to preclude reimbursement from defendants of the money loaned. Defendants incorrectly argue that the corporate debt was released when Ricotta gave plaintiffs the mortgage note and the plaintiffs gave Ricotta the postdated checks in return (*see Home & City Sav. Bank v Sperrazza*, 204 AD2d 836, 837 [1994]). There is no evidence in the record to support defendants' assertion that plaintiffs intended to discharge defendants from their corporate responsibility (*see Marren v Ludlam*, 14 AD3d 667, 669 [2005], *lv dismissed* 5 NY3d 824 [2005]). There is no release document signed by the parties, or language in the mortgage note that its acceptance would effectuate a release of the debt, or even any evidence of an oral agreement to discharge defendants' obligations.

In actuality, the checks were only *evidence* of the debt (*see Industrial Bank of Commerce v Shapiro*, 276 App Div 370 [1950], *affd* 302 NY 566 [1951] [in the absence of evidence to the contrary, it is presumed that a promissory note is delivered and accepted as evidence of a debt rather than in payment thereof]). The fact that plaintiffs returned the checks to Ricotta did not itself constitute a release of defendants' obligation to repay the underlying debt. Furthermore, it is obvious that the only reason that the checks were returned to Ricotta was because

additional collateral had been secured. It is plain that the parties had simply exchanged the collateral to be held for the corporate debt. That is, the mortgage note simply took the place of the postdated checks as security for the $200,000 lent to defendants by plaintiffs (*see Riehl v Austin*, 155 App Div 207 [1913]).

The motion court incorrectly found that the mortgage constituted consideration for the payment of the corporate debt owed to plaintiffs. Since the mortgage was declared null and void by Justice Colabella's order, it cannot be considered valid consideration for the repayment of the debt. In any event, Ricotta received valid consideration for his execution of the mortgage and note. That is, Ricotta obtained physical possession of the postdated checks and plaintiffs' forbearance from negotiating them.

Although the record demonstrates that plaintiffs received $70,000 and a new mortgage note in the amount of $30,000 toward satisfaction of the mortgage from Ricotta's bankruptcy proceedings, we hold that in light of the fact that there is no evidence that plaintiffs released the corporate defendants from their obligations to repay the loan, plaintiffs are entitled to pursue recovery of the remaining $100,000 of the debt from defendants. Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.