■ Motors Insurance Corp., Appellant, v Neil Mautone et al., Respondents. [839 NYS2d 507]—

In an action to recover damages for injury to property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 11, 2006, as denied its motion for summary judgment and granted those branches of the defendants' cross motion which were for leave to amend their answer to raise collateral estoppel as an affirmative defense and for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' cross motion which were for leave to amend their answer to raise collateral estoppel as an affirmative defense and for summary judgment dismissing the complaint, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff contends that a determination made in a prior inter-company arbitration proceeding does not bar it from seeking recovery for property damage to its insured's vehicle allegedly caused by the defendants' negligence. We agree. Under the doctrine of collateral estoppel, a party is precluded "from relitigating in a subsequent action or proceeding an issue clearly

raised in a prior action or proceeding and decided against that party or those in privity, whether or not tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984]; *see Altegra Credit Co. v Tin Chu,* 29 AD3d 718 [2006]; *Pouncy v Dudley,* 27 AD3d 633 [2006]). However, preclusive effect will only be given where the particular issue was "actually litigated, squarely addressed and specifically decided" (*Ross v Medical Liab. Mut. Ins. Co.,* 75 NY2d 825, 826 [1990]; *see North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.,* 27 AD3d 439 [2006]; *Singleton Mgt. v Compere,* 243 AD2d 213 [1998]). Here, the inter-company arbitration proceeding between the plaintiff and the defendants' insurance carrier resulted in a determination that the defendants' carrier was only required to provide excess coverage for the property damage to the subject vehicle. However, the arbitration panel's decision was predicated upon the language of the applicable insurance policies, and no finding was made as to whether the accident which damaged the vehicle was caused by the defendants' alleged negligence. Accordingly, the arbitration panel's decision cannot be given preclusive effect in this action (*see McDonald v Rose,* 37 AD3d 781 [2007]; *Kleinman v E.L. Tool & Die Co. Inc.,* 30 AD3d 1123 [2006]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest,* 248 AD2d 78 [1998], *affd* 93 NY2d 983 [1999]), and the Supreme Court erred in granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on this ground. Since the doctrine of collateral estoppel cannot properly be invoked herein, the court should have also denied that branch of the defendants' cross motion which was for leave to amend their answer to raise this affirmative defense (*see* CPLR 3025 [b]; *Jackson Hgts. Care Ctr., LLC v Bloch,* 39 AD3d 477 [2007]). However, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. The plaintiff did not make a prima facie showing that it was entitled to summary judgment, on the theory that the defendants breached a mutual benefit bailment agreement by failing to exercise ordinary care, because it submitted no evidentiary proof to establish how the accident occurred. In any event, in opposition to the motion, the defendants raised a triable issue of fact as to whether the subject agreement may be governed by General Business Law § 396-z (2), which places limitations on a rental vehicle company's right to recover damages for injury to property from renters (*see Associated Group Servs. v Grow,* 258 AD2d 716 [1999]; *see also Fili v Matson Motors,* 183 AD2d 324 [1992]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.