■ ShawnDya L. Simpson, Respondent, v Bernard M. Alter et al., Appellants, et al., Defendant. [911 NYS2d 405]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Bernard M. Alter and Alter & Barbaro appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered March 8, 2010, as denied their motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (5) based upon the doctrine of collateral estoppel. The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues raised in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (*see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008]; *Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Mahler v Campagna*, 60 AD3d 1009, 1011 [2009]). Preclusive effect may only be given to issues that were "actually litigated, squarely addressed and specifically decided" (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]; *see Motors Ins. Corp. v Mautone*, 41 AD3d 800, 801 [2007]). Here, the appellants failed to establish that the issue of whether the appellant Bernard M. Alter (hereinafter Alter) breached his duty to the plaintiff by divulging confidential information which she allegedly imparted to him when he was her attorney in 2003 was actually litigated, squarely addressed, and specifically decided in a prior 2007 proceeding pursuant to Election Law article 16, in which Alter represented candidate Diana Johnson in her challenge to the plaintiff's residency. Furthermore, "[c]ollateral estoppel is a flexible doctrine grounded in the facts and realities of a particular litigation which should not be rigidly or mechanically applied since it is, at its core, an equitable doctrine reflecting general concepts of fairness" (*Matter of Hunter*, 6 AD3d 117, 131 n 2, 131-132 [2004], *affd* 4 NY3d 260 [2005]; *see Buechel v Bain*, 97 NY2d at 303). Additional factors supporting a determination that the doctrine should not be rigidly applied here are that the denial of the plaintiff's motion to disqualify Alter from representing Diana Johnson in the 2007 election proceeding was not essential to the resolution of the ultimate issue in that proceeding, which was whether the plaintiff was a resident of Kings County, and that the plaintiff's failure to appeal the adverse ruling on the disqualification motion was reasonable since she ultimately succeeded in having the challenge to her residency dismissed.

The Supreme Court also properly denied that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged

in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Sokol v Leader*, 74 AD3d 1180 [2010]). "Where evidentiary material is submitted on a CPLR 3211 (a) (7) motion, it may be considered by the court, but unless the defendant demonstrates, without significant dispute, that a material fact alleged by the complaint is not a fact at all, the motion will not be granted" (*Quesada v Global Land, Inc.*, 35 AD3d 575, 576 [2006]; *see Caravousanos v Kings County Hosp.*, 74 AD3d 716 [2010]). Contrary to the appellants' contention, the documentary evidence which indicated that certain information about the plaintiff's residency status may have been publicly available does not completely disprove her factual allegation that Alter divulged personal information which she had imparted to him when he represented her in 2003. Furthermore, the complaint sufficiently pleads allegations from which damages attributable to the appellants' alleged legal malpractice might be reasonably inferred (*see Kempf v Magida*, 37 AD3d 763, 764 [2007]; *see also Rock City Sound, Inc. v Bashian & Farber, LLP*, 74 AD3d 1168 [2010]). Prudenti, P.J., Angiolillo, Eng and Sgroi, JJ., concur.