■ ST. BARNABAS HOSPITAL, as Assignee of Mariana Gonell, et al., Appellants, v COUNTRY WIDE INSURANCE COMPANY, Respondent. [913 NYS2d 695]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 26, 2010, as granted the defendant's cross motion to modify the amount of a judgment entered upon an order of the same court dated September 22, 2009, inter alia, granting that branch of the plaintiffs' motion which was for summary judgment on the first cause of action.

Ordered that the appeal by the plaintiffs Mary Immaculate Hospital-Caritas Health Care, as assignee of Leroy Pearson, and New York Hospital Medical Center of Queens, as assignee of Eugenia Theodosiou, is dismissed, as those plaintiffs are not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant, payable by the plaintiff St. Barnabas Hospital, as assignee of Mariana Gonell.

The plaintiff St. Barnabas Hospital, as assignee of Mariana Gonell (hereinafter the plaintiff), was awarded summary judgment on a cause of action to recover no-fault medical payments from the defendant under an insurance contract. Thereafter, judgment was entered against the defendant in satisfaction, inter alia, of the aforementioned claim of the plaintiff. The defendant subsequently cross-moved pursuant to CPLR 5019 (a) to modify the amount of the judgment that was in satisfaction of that claim, on the ground that it exceeded the limits of the policy covering Gonell in light of payments made under that policy to other health care providers. The Supreme Court, among other things, granted the cross motion.

Contrary to the plaintiff's contention, since the only issues decided in connection with the motion for summary judgment on its cause of action to recover no-fault medical payments were the questions of whether the defendant had failed to pay or deny the relevant claim within the statutory time frame, and whether the defendant had received verification of that claim, the defendant is not collaterally estopped from seeking to modify the amount of the judgment that was in satisfaction of the plaintiff's claim, based upon the contention that the policy limits have been partially exhausted (*see Hospital for Joint Diseases v Hertz Corp.*, 22 AD3d 724 [2005]; *see generally Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *Frankel v J.P. Morgan Chase & Co.*, 76 AD3d 664 [2010]).

The plaintiff's remaining contentions are without merit.

We note that, in affirming the Supreme Court's order, we do not pass upon the propriety of the procedural mechanism utilized by the defendant, to wit, CPLR 5019 (a), to which the plaintiff did not object (*see Misicki v Caradonna*, 12 NY3d 511, 519 [2009]; *Martin v City of Cohoes*, 37 NY2d 162, 165-166 [1975]). Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.