OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
*34 Plaintiff, the Board of Managers of the White Sands Condominium (Board), brought this action to recover the principal sum of $12,870.95, which represented common charges assessed against defendants’ residential condominium unit in the White Sands Condominium (Condominium) for the period from September 2009 to July 2010. In their answer, defendants asserted numerous defenses, including challenges to the Board’s authority to assess and collect common charges, as well as breach of fiduciary duty and self-dealing. Plaintiff, which had successfully sued defendants for unpaid common charges for the period ending June 5, 2009 in a prior action (Board of Mgrs. of White Sands Condominium v Cooper, 34 Misc 3d 152[A], 2012 NY Slip Op 50310[U] [2012] [decided herewith]) (Case Number 1), moved, pursuant to CPLR 3212, for summary judgment, on the ground that the City Court’s award of judgment in favor of plaintiff in the prior action established plaintiffs right to recover unpaid common charges from defendants, and that, as defendants could have litigated the same defenses asserted herein in the prior action, they were estopped from raising the issues underlying those defenses in this litigation. In their opposition, defendants asserted, among other things, that material issues of fact existed as to whether the Board had authority to act under the Condominium’s governing instruments, including its offering plan and bylaws, and whether the Board had acted in good faith. The City Court denied plaintiffs motion, concluding that the doctrine of res judicata was inapplicable to the defense challenging plaintiff’s authority, and that an award of summary judgment was precluded due to the existence of material issues of fact as to whether the Board’s actions, including the imposition of common charges as well as other acts, were authorized and were made in good faith and in compliance with the Condominium’s regulations.
The doctrine of res judicata bars future actions between the same parties on the same cause of action (Matter of Reilly v Reid, 45 NY2d 24, 27 [1978]). Case Number 1 was premised on plaintiffs right to collect common charges for a prior time period from that at issue in this case. Since the two cases involve different causes of action, the City Court correctly concluded that its disposition of Case Number 1 did not entitle plaintiff to summary judgment pursuant to the doctrine of res judicata.
Nor was plaintiff entitled to summary judgment under the doctrine of collateral estoppel, also known as issue preclusion.
*35 “Two requirements must be met before collateral estoppel can be invoked. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling (see, Gilberg v Barbieri, 53 NY2d 285, 291 [1981]). The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party.” (Buechel v Bain, 97 NY2d 295, 303-304 [2001].)
“Preclusive effect may only be given to issues that were ‘actually litigated, squarely addressed and specifically decided’ ” (Simpson v Alter, 78 AD3d 813, 814 [2010], quoting Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825, 826 [1990]; see also Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 431-432 [2000]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]; Motors Ins. Corp. v Mautone, 41 AD3d 800, 801 [2007]).
In Case Number 1, although they asserted numerous affirmative defenses in their answer to the complaint, defendants argued that they were entitled to an abatement of their common charges for the period at issue therein because, due to plaintiffs failure to remedy defects in the exterior wall of their condominium unit, plaintiff had violated the warranty of habitability, and also because the intrusion of water into their condominium unit had rendered their unit partially or entirely uninhabitable and constituted a casualty loss within the meaning of the Condominium’s bylaws. The City Court’s award of summary judgment to plaintiff in Case Number 1 was determined only on those issues. In this action, defendants premised their opposition to plaintiffs motion for summary judgment on plaintiffs alleged lack of authority, under the Condominium’s governing instruments, to assess common charges. As this issue was not “actually litigated, squarely addressed and specifically decided” (Ross v Medical Liab. Mut. Ins. Co., 75 NY2d at 826) by the City Court in its decision in Case Number 1, we conclude that the City Court properly found that defendants were not estopped from litigating the issue of plaintiffs authority in this action, and correctly denied plaintiff’s motion for summary judgment on that basis.
In support of its motion for summary judgment, plaintiff further contended that the Board’s assessment and collection of *36 common charges were protected under the business judgment rule. Although that rule prohibits judicial inquiry into the actions of a condominium board “taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes” (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]), it “permits review of improper decisions, as when the challenger demonstrates that the board’s action ... is beyond the scope of the board’s authority” (id. at 540; see also e.g. Wirth v Chambers-Greenwich Tenants Corp., 87 AD3d 470, 473 [2011]; Yusin v Saddle Lakes Home Owners Assn., Inc., 73 AD3d 1168, 1170-1171 [2010]; Quinones v Board of Mgrs. of Regalwalk Condominium I, 242 AD2d 52, 54 [1998]).
In opposition to plaintiffs motion for summary judgment, defendants submitted substantial evidence which showed that a material issue of fact existed as to whether the Board was legitimately constituted or had authority to assess and collect common charges. The issue of whether a condominium board has authority to act is not protected from judicial inquiry under the business judgment rule, and, we conclude, did not bar the City Court’s consideration of defendants’ opposition to plaintiffs motion for summary judgment.
We further find plaintiff’s argument, that the City Court’s disposition of its summary judgment motion contradicted a prior Supreme Court ruling, to be without merit.
Accordingly, the order of the City Court is affirmed.
Molía and Iannacci, JJ., concur; Nicolai, EJ., taking no part.