SYCAMORE REALTY CORP., et al., Plaintiffs/Counterclaim Defendants, v JOHN MATONE et al., Defendants, and ENTERPRISE BAY RIDGE, LLC, Defendant/Counterclaim Plaintiff-Respondent. SIEGREICH REALTY CORP., Additional Counterclaim Defendant-Appellant, et al., Additional Counterclaim Defendants (And Another Title.) [942 NYS2d 630]—

In an action, inter alia, to set aside a deed, the additional counterclaim defendant Siegreich Realty Corp. appeals, as

limited by its brief, from stated portions of a judgment of the Supreme Court, Kings County (Lewis, J.), dated August 6, 2010, which, upon, among other things, an order of the same court dated May 18, 2010, inter alia, granting those branches of the motion of the defendant/counterclaim plaintiff Enterprise Bay Ridge, LLC, which were for summary judgment on its first three counterclaims against Siegreich Realty Corp. for declaratory and injunctive relief, among other things, declared that the defendant/counterclaim plaintiff Enterprise Bay Ridge, LLC, is the lawful owner of the subject premises.

Ordered that judgment is affirmed insofar as appealed from, with costs.

This action concerns disputed claims of ownership of certain real property. The property was, as of 1999, owned by 461 Bayridge Avenue Realty Corp. (hereinafter 461 BAR Corp.). The property was purportedly conveyed from 461 BAR Corp. to Sycamore Realty Corp. (hereinafter Sycamore) for no consideration in a deed dated August 9, 1999, and executed by James K. Noonan, as president of 461 BAR Corp. Noonan was the sole officer and shareholder of Sycamore.

In 2003 John Matone, Kathleen Matone (hereinafter together the Matones), and 461 BAR Corp. commenced an action (hereinafter the 2003 action) against, among others, Sycamore and Noonan, inter alia, to set aside the deed dated August 9, 1999, on the ground that the deed was fraudulent because Noonan had never been a shareholder or officer of 461 BAR Corp. The complaint alleged that the Matones were the sole owners and officers of 461 BAR Corp. The plaintiffs in the 2003 action moved pursuant to CPLR 3215 (a) for leave to enter judgment against Sycamore upon Sycamore's default in appearing or answering. Sycamore opposed the motion, contending that it had a reasonable excuse for its default and a meritorious defense to the action, and submitting an affidavit of Noonan. In the affidavit, Noonan claimed that he was the sole officer and shareholder of 461 BAR Corp., and that the Matones were never officers or shareholders of 461 BAR Corp. In an order and judgment (one paper) dated February 16, 2007, the Supreme Court granted the motion of the plaintiffs in the 2003 action and set aside the deed dated August 9, 1999. Sycamore appealed, and this Court affirmed, concluding that Sycamore failed to demonstrate a reasonable excuse for its default or a potentially meritorious defense to the action (*see Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]).

Meanwhile, the subject property was purportedly conveyed for no consideration from 461 BAR Corp. to the appellant

Siegreich Realty Corp. (hereinafter Siegreich) in a deed dated August 27, 2004, and recorded on May 23, 2005, which deed was executed by Noonan on behalf of 461 BAR Corp. Subsequently, the subject property was purportedly conveyed from 461 BAR Corp. to the defendant/counterclaim plaintiff Enterprise Bay Ridge, LLC (hereinafter Enterprise), for a sales price of $2,260,000, in a deed dated May 18, 2005, and recorded on June 7, 2005, which deed was executed by John Matone on behalf of 461 BAR Corp.

Sycamore, Noonan, and 461 BAR Corp. subsequently commenced this action, inter alia, to set aside the deed to Enterprise dated May 18, 2005. In its answer, Enterprise asserted counterclaims seeking, inter alia, to quiet title, and named Siegreich, among others, as an additional counterclaim defendant.

The Supreme Court properly granted those branches of Enterprise's motion which were for summary judgment on its first three counterclaims against Siegreich. Contrary to Siegreich's contention, the Supreme Court correctly determined that Siegreich was collaterally estopped from relitigating the issue of whether Noonan had the authority to convey the subject premises to Siegreich on behalf of 461 BAR Corp. While Siegreich was not a party to the 2003 action, its rights are conditioned on, and derivative of, the rights of Noonan, a party to the prior litigation, and its interests were fairly represented in the prior litigation (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]; *Altegra Credit Co. v Tin Chu*, 29 AD3d 718, 720 [2006]).

Siegreich's remaining contentions are without merit. Florio, J.P., Balkin, Lott and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 1227(A), 2010 NY Slip Op 50928(U).]**