*717 The defendants contend that a determination made in a prior arbitration matter between the plaintiff and a nonparty construction company bars the plaintiff from seeking to recover damages against them for breach of contract and architectural malpractice. We disagree. Under the doctrine of collateral estoppel, a party is precluded “from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same” (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; see Simpson v Alter, 78 AD3d 813, 814 [2010]; Motors Ins. Corp. v Mautone, 41 AD3d 800, 800-801 [2007]; Altegra Credit Co. v Tin Chu, 29 AD3d 718 [2006]).
Preclusive effect, however, will only be given where the particular issue was “actually litigated, squarely addressed and *718 specifically decided” (Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825, 826 [1990]; see Motors Ins. Corp. v Mautone, 41 AD3d at 801). Here, the contract between the plaintiff and the defendants was separate and distinct from the contract between the plaintiff and the nonparty construction company, and different duties and obligations were promised. The arbitration, which was mandated by the construction contract, did not include claims by or against the defendants. Under the circumstances, the defendants failed to establish that the issues of whether they breached their duties under the architectural contract or whether they are liable for professional malpractice were actually litigated, squarely addressed, and specifically decided in the prior arbitration proceeding (see Simpson v Alter, 78 AD3d at 814; Motors Ins. Coip. v Mautone, 41 AD3d at 801). Since the doctrine of collateral estoppel cannot properly be invoked herein, the court properly denied those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first and second causes of action based on the prior arbitration award and for leave to amend their answer to include the affirmative defense of collateral estoppel (see CPLR 3025 [b]; Motors Ins. Corp. v Mautone, 41 AD3d at 801).
Contrary to the plaintiff’s contention, the Supreme Court properly held that the defendants were entitled to summary judgment dismissing so much of the complaint as sought to recover damages for lost profits. In an action to recover damages for breach of contract, “the nonbreaching party may recover general damages which are the natural and probable consequence of the breach” (Kenford Co. v County of Erie, 73 NY2d 312, 319 [1989]; see Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 759 [2009]). “A claim for lost profits is generally a claim for special or extraordinary damages” (Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d at 759). “Lost profits may be recoverable for breach of a contract if it is demonstrated with certainty that such damages have been caused by the breach, and the alleged loss is capable of proof with reasonable certainty. There also must be a showing that the particular damages were fairly within the contemplation of the parties to the contract at the time the contract was made” (Blinds to Go [US], Inc. v Times Plaza Dev., L.P., 88 AD3d 838, 839-840 [2011]; see American List Corp. v U.S. News & World Report, 75 NY2d 38, 43 [1989]; Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]; Reads Co., LLC v Katz, 72 AD3d 1054, 1056 [2010]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiffs claim for lost profits by showing that such damages were not *719 contemplated by the parties in entering into the subject contract (see Reads Co., LLC v Katz, 72 AD3d at 1056). A review of the terms of the subject contract demonstrates that there was no intent by the parties to allow for economic loss as a potential basis for damages in the event of a breach (see Awards.com v Kinko’s, Inc., 42 AD3d 178,183 [2007], affd 14 NY3d 791 [2010]; compare Ashland Mgt. v Janien, 82 NY2d 395, 404-405 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the plaintiffs claim for lost profits.
The Supreme Court also properly granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action, which alleged gross negligence. The plaintiffs conclusory assertion that the defendants performed their duties “recklessly” and with “willful disre-' gard,” unsupported by any factual allegations of conduct evincing a reckless disregard for the rights of others or “smackfing]” of intentional wrongdoing, was insufficient to state a cause of action alleging gross negligence (Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824 [1993]; see Smith-Hoy v AMC Prop. Evaluations, Inc., 52 AD3d 809, 810 [2008]; Mancuso v Rubin, 52 AD3d 580, 583 [2008]). Moreover, as the plaintiffs proposed amendment did not seek to add any factual allegation that would support such a claim, that branch of the plaintiffs cross motion which was for leave to amend the fourth cause of action was properly denied (see CPLR 3025 [b]; see generally Lucido v Mancuso, 49 AD3d 220, 225-229 [2008]).
The Supreme Court erred, however, in granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action insofar as asserted against the defendant Steven Lane, alleging architectural malpractice. Business Corporation Law § 1505 (a), which applies only to professional corporations, provides that a shareholder, employee, or officer of a professional corporation shall be liable for negligent or wrongful acts committed by him or her or any person under his or her direct supervision while rendering services on behalf of the corporation (see Ecker v Zwaik & Bernstein, 240 AD2d 360 [1997]; Somer & Wand v Rotondi, 219 AD2d 340 [1996]). Here, the record indicates that Lane handled and supervised the architectural planning and represented the professional corporation, which was the defendant Devon Architects of New York, EC. (hereinafter Devon), throughout the contractual relationship. As such, Business Corporation Law § 1505 (a) renders Lane potentially liable for the malprac *720 tice of Devon to the extent of his own personal negligence or to the extent of negligent acts committed at his direction (see Somer & Wand v Rotondi, 219 AD2d at 343). Since the plaintiff has sufficiently stated a cause of action sounding in architectural malpractice against Lane, the Supreme Court should not have severed the action as to Devon and amended the caption to eliminate defendant Steven Lane as a named defendant. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.