OPINION OF THE COURT
Scott Fairgrieve, J.
*795 The plaintiff commenced this action to recover no-fault benefits for medical services provided to its assignor, Adam Rivera-Martinez, arising out of a motor vehicle accident on August 22, 2011.
The plaintiff served the summons and complaint in April of 2012 and an answer was filed in May of 2012. After a notice of trial was filed on May 23, 2012, the matter was sent to arbitration before Frank Lattanzio, Esq. Both sides were represented by counsel at the March 12, 2014 hearing, after which the arbitrator found in favor of the plaintiff in the amount of $3,723.72. The defendant, by its then counsel (the Law Offices of Robert R Tusa), demanded a trial de novo. On March 11, 2015, this matter came on for trial. The court found in favor of the plaintiff in the amount of $3,723.72 plus statutory interest, costs and attorney’s fees. On July 29, 2015, judgment was entered in the sum of $7,784.06, which included statutory interest and attorney’s fees, along with costs and disbursements.
After the judgment was entered, the Law Offices of Peter C. Merani served an amended answer dated October 28, 2015. Initially, the amended answer was rejected by plaintiff’s counsel, as the Law Offices of Peter C. Merani was not the attorney of record for the defendant. In November of 2015, the Law Offices of Peter C. Merani was substituted as counsel for the defendant, but plaintiff’s counsel again rejected the defendant’s answer, as the time within which to file and serve an amended answer had expired (see CPLR 3025).
At bar is the defendant’s motion for a protective order pursuant to CPLR 5240, staying the sale of defendant’s property pending the resolution of the instant application; an order pursuant to CPLR 5019 and 5240, modifying the judgment to reflect that the policy of insurance has been exhausted and that nothing more is owed to the claimant; an order compelling the plaintiff to execute and file a full satisfaction of judgment pursuant to CPLR 5020; and an order pursuant to CPLR 5021, directing the Clerk of the Court to make an entry that the judgment has been partially satisfied. Said motion is determined as follows.
Defense counsel maintains that the underlying insurance policy has been exhausted and that the plaintiff is attempting to execute on a judgment for a sum which is in excess of the policy limits. Counsel states that it is well settled that “where, as here, an insurer has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease” *796 (Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co., 216 AD2d 448, 448 [2d Dept 1995]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568, 571 [2004]; Hospital for Joint Diseases v Hertz Corp., 22 AD3d 724, 725 [2d Dept 2005]).
In support of its motion, defendant has submitted an affidavit by Kristina Cunningham, defendant’s claim representative assigned to this case (notice of motion, exhibit A). In her affidavit, Ms. Cunningham maintains that she has personal knowledge of the defendant’s practices and procedures and the governing no-fault procedures. She specifically addresses the issue that the plaintiff’s assignor was a pedestrian and that “[t]he relevant policy of insurance provided pedestrians, such as the injured/assignor ADAM RIVERA-MARTINEZ, with $50,000 of Personal Injury Protection benefits” (exhibit A ¶ 29). She states the dates on which checks were issued, and avers that as of May 16, 2014, $76,304.79 was paid by the defendant for medical bills. All but one of the checks (in the amount of $1,136.83) listed in this affidavit were issued before the time the defendant filed its answer. Exhibit A-2 of Ms. Cunningham’s affidavit consists of copies of the cashed checks which the defendant has paid out under the policy. As such, the affi-ant posits that the defendant has already paid more than what is owed to the claimant.
In further support of its motion to modify the judgment, the defendant relies upon Hospital for Joint Diseases v Hertz Corp. (22 AD3d 724 [2005]), in which the Appellate Division, Second Department, modified the judgment after the plaintiff had been awarded summary judgment and judgment had been entered. The Appellate Court held “[that] the defendants were not collaterally estopped from raising the issue of whether the limits of the policy were exhausted, as the defendants were not . . . afforded a full and fair opportunity to contest that issue” (Hospital for Joint Diseases at 725-726).
Five years later, in St. Barnabas Hosp. v Country Wide Ins. Co. (79 AD3d 732, 733 [2d Dept 2010]), the Second Department again held that after the plaintiff was awarded summary judgment in a no-fault action, the defendant was not collaterally estopped from seeking to modify the amount of the judgment based upon its contention that the policy limits had been exhausted. The Court reasoned that the only issues raised in the motion for summary judgment were the questions of whether the defendant had failed to pay or deny the relevant claim within the statutory time frame, and whether the defendant had received verification on that claim.
*797 Hence, defense counsel contends that an insurance company is not required to pay no-fault benefits beyond the policy limits, even if the issue is raised after judgment is entered. In this case, counsel argues that since the defendant has paid the applicable policy limits, it is not required to pay this judgment, which should be modified to zero, to reflect that the policy has been exhausted. Further, the defendant’s attorney maintains that the plaintiff should be required to file a satisfaction of judgment.
In opposition, the plaintiff points out that the defendant’s own exhibits establish that it was aware of the amount of money left on the policy as of the time of trial. Counsel asserts that the defendant then had a full and fair opportunity to raise the defense that the subject policy limit had been exhausted, but failed to do so at trial. Therefore, counsel maintains that the defendant’s motion should be denied in all respects.
A review of the defendant’s answer reveals that one of the defenses included in the “ELEVENTH AFFIRMATIVE DEFENSE” is that the policy provisions have been exhausted. “A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading” (CPLR 3018 [b]). Showing that the policy limits have been exhausted is not a requisite part of plaintiff’s case; it is the defendant’s burden to plead and then prove this affirmative defense.
In the cases relied upon by the defendant, summary judgment had been granted without the insurance company having had a full and fair opportunity to contest the policy limitations. However, the case at bar does not involve summary judgment. In fact, no such motion was ever made in the instant matter. To the contrary, the defendant pleaded the affirmative defense of exhaustion of the policy limits in its answer. On March 11, 2015, the defendant then proceeded to trial and wholly failed to raise and/or present evidence of the subject defense, notwithstanding having had the opportunity to do so. This is despite the fact that as is evident from the affidavit of Kristina Cunningham, the defendant was aware, over three years prior to trial, that the policy limits had been exceeded. Indeed, the policy limits had been exhausted months before the defendant’s service of its answer.
*798 On this record, the defendant’s motion is denied, in its entirety.