Shifer v Shifer (2018 NY Slip Op 06584)





Shifer v Shifer


2018 NY Slip Op 06584


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2013-05431
 (Index No. 1434/04)

[*1]Pearl Shifer, appellant-respondent, 
v
David Shifer, et al., respondents-appellants, et al., defendants.


Wand, Powers & Goody, LLP, Huntington, NY (Jennifer H. Goody of counsel), for appellant-respondent.
David Shifer, Brooklyn, NY, respondent-appellant pro se.
Solomon Rosengarten, Brooklyn, NY, for respondent-appellant Sara Stern.



DECISION & ORDER
In an action to set aside the transfer of three parcels of real property as fraudulent conveyances, the plaintiff appeals, and the defendants David Shifer and Sara Stern separately cross-appeal, from a judgment of the Supreme Court, Kings County (Richard N. Allman, R.), dated April 8, 2013. The judgment, insofar as appealed from, upon a decision after trial of the same court dated June 8, 2012, in effect, dismissed the causes of action to set aside the transfer of two parcels of real property in Brooklyn known as 2604 Avenue J and 1286 Brooklyn Avenue, respectively, as fraudulent conveyances. The judgment, insofar as cross-appealed from, is in favor of the plaintiff on the cause of action to set aside the transfer of the marital residence as a fraudulent conveyance and, upon a decision of the same court dated April 5, 2013, awarded an attorney's fee to the plaintiff.
ORDERED that the judgment is reversed insofar as appealed from, on the law, the causes of action to set aside the transfer of the two parcels of real property in Brooklyn known as 2604 Avenue J and 1286 Brooklyn Avenue, respectively, as fraudulent conveyances are reinstated, the plaintiff is awarded judgment on those causes of action, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment; and it is further,
ORDERED that the judgment is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants David Shifer and Sara Stern.
The plaintiff and the defendant David Shifer (hereinafter the husband) were married in 1971. The husband formed a business partnership with his sister, the defendant Sara Stern, for the investment and management of real estate. In 1991, the husband entered into a contract to purchase a single-family residence in Brooklyn, which became the marital residence of the plaintiff and the husband. Title to the marital residence was taken in the name of the defendant Beth Tov Li, a corporation which the husband formed naming himself as the president and Stern as the treasurer.
In 2002, the plaintiff commenced an action for a divorce. In the course of discovery, the plaintiff learned that title to the marital residence had been transferred from Beth Tov Li to Stern, for no consideration. In addition, the plaintiff learned that the husband had acquired two additional [*2]parcels of real property in Brooklyn, known as 2604 Avenue J, and 1286 Brooklyn Avenue, respectively (hereinafter the two additional properties), subsequent to the date of the marriage. The husband had transferred the two additional properties to Stern, for no consideration, shortly before the commencement of the matrimonial action.
At the trial of the matrimonial action, the husband and Stern testified that Stern had provided the funding for the purchase of the marital residence and the two additional properties, title to which was taken in the husband's name or in the corporate name Beth Tov Li, pursuant to their partnership arrangement. In a decision after trial, the Supreme Court (Virginia E. Yancey, J.), held that all properties acquired during the marriage were marital property. In a judgment of the same court dated July 27, 2004, the plaintiff was awarded a judgment in the principal sum of $1,825,000, which does not include an award on account of the three properties at issue here.
In January 2004, the plaintiff commenced this action alleging the fraudulent conveyance of the marital residence and the two additional properties. The Supreme Court rejected the application of the doctrine of collateral estoppel with respect to the marital nature of the two additional properties. Based on the evidence adduced at trial, the court determined that the plaintiff had established the fraudulent conveyance of the marital residence, but had failed to demonstrate that the two additional properties were marital properties which had been fraudulently conveyed to Stern. The plaintiff appeals from so much of the judgment as, in effect, dismissed the causes of action alleging fraudulent conveyance of the two additional properties. The husband and Stern separately cross-appeal from so much of the judgment as is in favor of the plaintiff on the cause of action alleging a fraudulent conveyance of the marital residence.
Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659; Ryan v New York Tel. Co., 62 NY2d 494, 500; Lozada v GBE Contr. Corp., 295 AD2d 482, 483). It is an equitable principle designed to conserve court resources and prevent conflicting results (see Buechel v Bain, 97 NY2d 295, 303). "[C]ollateral estoppel bars not only parties from a previous action from litigating an issue decided therein, but those in privity with them as well" (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 486; see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756). The party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the
prior determination. The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate (see Buechel v Bain, 97 NY2d at 303; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455-456). As an equitable principle, collateral estoppel should be applied with fairness and flexibility, "grounded in the facts and realities of a particular litigation, rather than rigid rules" (Buechel v Bain, 97 NY2d at 303).
Here, the marital nature of the properties had already been decided in the matrimonial action. Moreover, the husband and Stern were clearly parties in privity, as they shared joint bank accounts, were in a business partnership together, and filed federal income tax returns for their business partnership (see Gramatan Home Investors Corp. v Lopez, 46 NY2d at 486; Buechel v Bain, 97 NY2d at 303; Ciancimino v Town of E. Hampton, 266 AD2d 331, 332). To hold otherwise in this case would violate the principle of collateral estoppel (see Buechel v Bain, 97 NY2d at 303; Simpson v Alter, 78 AD3d 813; Leung v Suffolk Plate Glass Co., Inc., 78 AD3d 663, 664; Licini v Graceland Florist, Inc., 32 AD3d 825, 827; Hospital for Joint Diseases v Hertz Corp., 22 AD3d 724, 725-726; Matter of Van Wormer v Leversee, 87 AD2d 942, 943).
In light of the evidence that the properties were transferred to Stern for no consideration around the time that the plaintiff moved out of the marital residence and in anticipation of the matrimonial action, the plaintiff established that the three properties were fraudulently conveyed (see Debtor and Creditor Law § 276; Henry v Soto-Henry, 89 AD3d 617, 618).
The evidence supported the Supreme Court's finding that there was an actual intent to defraud the plaintiff of her share of the three marital properties. Accordingly, the court properly awarded her an attorney's fee (see Debtor and Creditor Law § 276-a). In light of the extensive proceedings which took place over many years, the amount of the fee was not excessive (see Guzzo v Guzzo, 110 AD3d 765, 766; Khan v Ahmed, 98 AD3d 471, 473; Aloi v Simoni, 82 AD3d 683, 687).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.

2013-05431 DECISION & ORDER ON MOTION
Pearl Shifer, appellant-respondent, v David Shifer,
et al., respondents-appellants, et al., defendants.
(Index No. 1434/04)

Motion by the appellant-respondent on an appeal and cross appeals from a judgment of the Supreme Court, Kings County, dated April 8, 2013, inter alia, to dismiss the cross appeal by the respondent-appellant David Shifer on the ground that he lacks standing. By decision and order on motion of this Court dated February 29, 2016, that branch of the motion which is to dismiss the cross appeal by the respondent-appellant David Shifer was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeals, it is
ORDERED that the branch of the motion which is to dismiss the cross appeal by the respondent-appellant David Shifer is denied.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.

2013-05431 DECISION & ORDER ON MOTION
Pearl Shifer, appellant-respondent, v David Shifer,
et al., respondents-appellants, et al., defendants.
(Index No. 1434/04)

Motion by the appellant-respondent on an appeal and cross appeals from a judgment of the Supreme Court, Kings County, dated April 8, 2013, inter alia, to strike the second replacement brief of the respondent-appellant David Shifer. By decision and order on motion of this Court dated May 26, 2017, that branch of the motion which is to strike the second replacement brief of the respondent-appellant David Shifer was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeals, it is
ORDERED that the branch of the motion which is to strike the second replacement brief of the respondent-appellant David Shifer is denied.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court