■ EVANGELOS SANTOS, Plaintiff, v FLORAL PARK LODGE OF FREE AND ACCEPTED MASONS, No. 1016, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. XIOS PAINTING CORP. et al., Third-Party Defendants-Appellants. [690 NYS2d 634] —In an action to recover damages for personal injuries, the third-party defendants appeal from so much of (1) an order of the Supreme Court, Queens County (Golia, J.), dated April 27, 1998, as denied that branch of their motion which was to dismiss the third-party plaintiff's cause of action to recover damages for breach of an agreement to procure insurance, and (2) an order of the same court, dated August 21, 1998, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 27, 1998, is dismissed, as that order was superseded by the order dated August 21, 1998, made upon reargument; and it is further,

Ordered that the order dated August 21, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Omnibus Workers' Compensation Act of 1996 (Workers' Compensation Law § 11, as amended, L 1996, ch 635, § 2; hereinafter the Act), does not bar a third-party action against an employer premised upon the employer's alleged breach of an agreement to procure liability insurance (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Morales v Gross,* 230 AD2d 7; *cf., Kinney v Lisk Co.,* 76 NY2d 215; *see also, Kinns v Schulz,* 131 AD2d 957; *Yauchler v Bailey,* 116 AD2d 905). Accordingly, the Supreme Court properly denied that branch of the third-party defendants' motion which sought dismissal of this claim under the Act.

The third-party defendants' remaining contentions are without merit. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.