■ LLEWLYN SMITH et al., Plaintiffs, v AJ CONTRACTING COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, and NEIGHBORHOOD PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Defendants. L & L PAINTING CO., INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Another Third-Party Action.) [716 NYS2d 77] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated July 8, 1999, as granted that branch of the motion of the third-party defendant L & L Painting Co., Inc., which was for summary judgment dismissing their third-party claims sounding in breach of contract for failure to procure insurance.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the aforementioned branch of the motion is denied.

The injured plaintiff Llewlyn Smith was employed by L & L Painting Co., Inc. (hereinafter L & L) as a painter on a construction project located at 625 Atlantic Avenue in Brooklyn (hereinafter the project). L & L was the painting subcontractor on the project. On October 14, 1996, while Llewlyn was performing his duties as a painter, he was injured when he stepped into an uncovered hole at the base of an escalator.

Llewlyn and his wife subsequently commenced this action against, among others, the appellants AJ Contracting Com-

pany, Inc. (hereinafter AJ), Atlantic Center Fort Greene, LP, and Atlantic Center Fort Greene, Inc., the general contractor, managing agent, and owner of the premises, respectively. Thereafter, the appellants commenced a third-party action against, among others, L & L, asserting claims for contractual and common-law indemnification and/or contribution, as well as to recover damages for breach of contract for failing to procure insurance.

L & L moved for summary judgment on all third-party claims asserted against it on the grounds that the claims were barred either by Workers' Compensation Law § 11 or because there was no contract in existence prior to the date of the accident. The Supreme Court denied that branch of the motion which sought to dismiss the claim for contractual indemnification, but granted those branches of the motion which sought dismissal of the claims for common-law indemnification and breach of contract to procure insurance.

Prior to the argument of this appeal, the parties settled most of the claims and cross claims. On November 10, 1999, they placed a stipulation of settlement on the record in open court. That stipulation expressly excepted the appellants' breach of contract claim. Thereafter, the plaintiffs' counsel prepared a written stipulation of settlement. The written stipulation purports to settle all claims and cross claims but failed to reserve the appellants' right to continue their claim against L & L. This stipulation was signed only by the plaintiff. Based upon the written stipulation, L & L has moved before this Court to dismiss the appeal as academic. We reverse the Supreme Court's determination insofar as appealed from and, in the accompanying decision and order on motion, deny the motion now pending before this Court.

In light of the stipulation entered into in open court, whereby the parties agreed that the appellants' breach of contract claim would survive the settlement of all other claims in the action, this appeal has not been rendered academic. It is clear that the parties did not intend that any written stipulation would override the terms of the stipulation made on the record. In any event, the stipulation is not binding on the appellants since it was not signed or ratified by them.

The proof submitted to the Supreme Court shows that the parties finalized the extent of the work to be performed by L & L by way of a formal written agreement dated October 29, 1996, which was after the accident had taken place. By October 29, L & L had already completed close to two-thirds of its work on the project, and had also requested payment for it.

The fact that the formal written agreement had not been signed until October 29, 1996, is not dispositive of the issue of the obligation of L & L to procure insurance. The relationship between the parties commenced with the invitation to bid by AJ dated June 28, 1996, and sent to L & L. The invitation to bid specified the work to be performed, and contained attachments, including attachment E, which obligated L & L to procure insurance in favor of the appellants. L & L submitted an offer to perform the work for $328,000 by letter dated September 13, 1996. Ultimately, it agreed to perform the work for $320,000.

While L & L thereafter immediately commenced work prior to signing a written agreement, various other writings signed on its behalf were subsequently exchanged with the appellants. One such document, an undated "Blanket Purchase Order Agreement," also contained a provision concerning the procurement of insurance. Another such document was a "Partial Waiver of Lien and Release of Claims," dated October 7, 1996, which also contained an indemnification provision. Thus, the proof shows, at the least, a factual question as to the existence of an agreement requiring L & L to procure insurance in favor of the appellants.

Contrary to the contention of L & L, Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2, does not require the dismissal of the appellants' claim (*see, Santos v Floral Park Lodge of Free & Accepted Masons No. 1016*, 261 AD2d 526). Further, the failure to formalize the parties' agreement by a writing until October 29, 1996, after the accident, does not constitute an absolute bar to a finding at trial that before L & L commenced its work, it had entered into a binding agreement with the appellants requiring it to, *inter alia*, procure insurance naming the appellants as insureds (*see, Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144; *Conopco, Inc. v Wathne, Ltd.*, 190 AD2d 587; *Evolution Online Sys. v Koninklijke Nederland N.V.*, 41 F Supp 2d 447). Therefore, summary judgment should have been denied (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Rotuba Extruders v Ceppos*, 46 NY2d 223). Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.