■ Rosa Cristales, Plaintiff, v Chase Manhattan Bank, Defendant and Third-Party Plaintiff-Appellant. Paris Maintenance Co., Inc., Third-Party Defendant-Respondent. [718 NYS2d 185] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated September 24, 1999, as granted that branch of the third-party defendant's cross motion which was for summary judgment dismissing its causes of action to recover damages for contractual indemnification and for breach of an agreement to procure insurance.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the defendant third-party plaintiff's causes of action to recover damages for contractual indemnification and breach of an agreement to procure insurance is denied, and those causes of action are reinstated.

The injured plaintiff allegedly slipped and fell on ice at premises owned by the defendant third-party plaintiff, Chase Manhattan Bank (hereinafter Chase). She subsequently commenced this action against Chase alleging that it negligently maintained the property. Chase commenced a third-party action against Paris Maintenance Co., Inc. (hereinafter Paris Maintenance), the plaintiff's employer, which had a contract with Chase to provide snow removal services. The contract provided, *inter alia,* that Paris Maintenance would indemnify Chase and hold it harmless from liability claims arising out of the performance of the contract by Paris Maintenance.

The Supreme Court erroneously dismissed Chase's cause of

action sounding in contractual indemnification inasmuch as Workers' Compensation Law § 11 permits a third party to seek indemnification from the plaintiff's employer under such circumstances (*cf., Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 582). Further, Workers' Compensation Law § 11 does not bar a third-party action against an employer premised upon the employer's alleged breach of an agreement to procure liability insurance (*see, Santos v Floral Park Lodge of Free & Accepted Masons, No. 1016,* 261 AD2d 526). Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.