■ Jose C. Quesada et al., Respondents, v Global Land, Inc., Appellant, et al., Defendants. [826 NYS2d 667]—In an action to recover damages for personal injuries, etc., the defendant Global Land, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered August 9, 2005, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see, CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and

determine only whether the facts as alleged fit within any cognizable legal theory (*Morone v Morone*, 50 NY2d 481, 484; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634)" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Where evidentiary material is submitted on a CPLR 3211 (a) (7) motion, it may be considered by the court, but unless the defendant demonstrates, without significant dispute, that a material fact alleged by the complaint is not a fact at all, the motion will not be granted (*see Sta-Brite Servs., Inc. v Sutton*, 17 AD3d 570 [2005]).

The moving defendant, Global Land, Inc., failed to establish that the complaint did not state a cause of action against it. The evidentiary material submitted in support of the motion did not demonstrate that a material fact alleged in the complaint was untrue. As such, the order denying the motion to dismiss must be affirmed insofar as appealed from. Ritter, J.P., Goldstein, Spolzino and Skelos, JJ., concur.