■ PETER CARAVOUSANOS, Plaintiff, v KINGS COUNTY HOSPITAL et al., Defendants, and AWL INDUSTRIES, INC., Third-Party

Plaintiff-Respondent. NOVA CASUALTY COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [904 NYS2d 444]—

In an action to recover damages for personal injuries, the third-party defendant Nova Casualty Company appeals from an order of the Supreme Court, Kings County (Miller, J.), dated January 29, 2009, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted against it, for the imposition of sanctions against the third-party plaintiff, and for an award of attorney's fees.

Ordered that the order is affirmed, with costs.

The third-party plaintiff, AWL Industries, Inc. (hereinafter AWL), the general contractor on a construction/renovation project for the Dormitory Authority of the State of New York, hired a subcontractor, nonparty Cole Mechanical Corporation (hereinafter Cole), to perform some of the work specified in the general contract. Cole complied with a requirement of the subcontract to obtain a performance bond by entering into such a bond with the third-party defendant Nova Casualty Company (hereinafter Nova). The performance bond named AWL as the obligee and Cole as the principal. Cole defaulted on the subcontract, and Nova hired a completion contractor, the third-party defendant Nelson Air Device Corporation (hereinafter Nelson) to finish the work as specified under the original subcontract, pursuant to the terms of the subcontract. The completion contract specifically provided, inter alia, that Nelson would "perform and complete" the remainder of the project work originally undertaken by Cole "in accordance with the terms contained in the original subcontract between Cole and AWL." Moreover, pursuant to the completion contract, Nelson agreed "to furnish at its own expense all worker's compensation, general liability insurance, and other insurance as specified in the Original Subcontract." Nova also hired a consultant, nonparty Cashin Spinelli & Ferretti, LLC (hereinafter Cashin), to oversee the work of the completion contractor at the work site. The plaintiff, an employee of Cashin, allegedly sustained personal injuries at the work site, and commenced this action against, among others, AWL. The general liability insurance provider for Nelson denied AWL's tender for defense and indemnification. AWL commenced a third-party action against Nova and Nelson, alleging both an entitlement to contractual indemnification from them and breach of contract for failure to obtain general liability insurance for the benefit of AWL.

Nova made a pre-answer motion, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted against it, arguing, among other things, that it was neither obligated to indemnify AWL nor liable for breach of the subcontract because its only responsibility under the performance bond was to ensure the performance of Cole's work on the subject construction/renovation project. Nova further claimed that it was entitled to an award of attorney's fees and costs because AWL's claims against it were frivolous. The Supreme Court denied the motion, finding, inter alia, that triable issues of fact were raised based on the ambiguities in the various contracts regarding the extent of Nova's obligations with respect to the "Original Subcontract."

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Where evidentiary material is submitted on a CPLR 3211 (a) (7) motion, it may be considered by the court, but unless the defendant demonstrates, without significant dispute, that a material fact alleged by the complaint is not a fact at all, the motion will not be granted" (*Quesada v Global Land, Inc.*, 35 AD3d 575, 576 [2006]).

The performance bond, or surety bond, between Nova and Cole is "to be construed in accordance with [its] terms" (*Walter Concrete Constr. Corp. v Lederle Labs.*, 99 NY2d 603, 605 [2003]). "Where the terms are unambiguous, interpretation of the surety bond is a question of law" (*Matter of Seneca Ins. Co. v People*, 40 AD3d 1151, 1153 [2007]). In the present case, however, ambiguity does exist. Paragraph two of the performance bond states, in pertinent part, that should the principal of the agreement default on its obligations under the subcontract, "[s]urety upon demand of Obligee may arrange for the performance of Principal's obligation under the subcontract." The term "arrange" has two reasonable interpretations in the context of the "four corners of the document" (*Kass v Kass*, 91 NY2d 554, 566 [1998]). Under one interpretation, "arrange" would mandate that Nova was required to take on any and all responsibilities originally assigned to Cole under the subcontract. By failing to honor the requirement that AWL be indemnified in case of an action against it and its insured, Nova may be seen as having violated the terms of the performance bond. The second interpretation urged by Nova, would limit "arrange for the performance" to mean "arrange the performance of the physical

work described in the Subcontract." Under this view, once Nova found a replacement for Cole, the insurance and indemnification requirements in the Subcontract would not extend to Nova, whose sole purpose as surety, under the performance bond, was to find a new subcontractor to complete the physical work.

"Whether an agreement is ambiguous is a question of law for the courts" (*Kass v Kass*, 91 NY2d at 566). A court must ask whether "[r]easonable minds could differ as to" which interpretation of the performance bond is the correct one (*Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191 [1986]). In so deciding, the court "should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed. Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby" (*Atwater & Co. v Panama R.R. Co.*, 246 NY 519, 524 [1927]). The two foregoing interpretations are sufficiently valid to meet this threshold for ambiguity. Where, as here, "the provision in question [is] susceptible to two different interpretations, the resolution of this ambiguity [is] for the trier of fact" (*Weiss v Weinreb & Weinreb*, 17 AD3d 353, 354 [2005]).

Thus, as the documents submitted do not demonstrate, as a matter of law, that NOVA did not breach the terms of the performance bond, the Supreme Court properly denied that branch of Nova's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted against it (*see Lucia v Goldman*, 68 AD3d 1064 [2009]; *International Shoppes, Inc. v Spencer*, 34 AD3d 429 [2006]; *Klein v Gutman*, 12 AD3d 417 [2004]).

Nova's remaining contention is without merit. Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur. **[Prior Case History: 22 Misc 3d 1117(A), 2009 NY Slip Op 50156(U).]**