■ Stan Natt et al., Respondents, v White Sands Condominium et al., Appellants. [943 NYS2d 231]—

In an action for a judgment declaring the parties' voting and designation rights under the offering plan, declaration, and by-laws of White Sands Condominium, and for related injunctive relief, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered February 10, 2011, as, in effect, granted that branch of the plaintiffs' motion which was for summary judgment declaring that the sponsor of White Sands Condominium and its designee are precluded from voting in the election for members of the board of managers of White Sands Condominium with respect to the offices of each of the three members of that board not designated by the sponsor of White Sands Condominium or its designee.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the sponsor of White Sands Condominium and its designee are precluded from voting in the election for members of the board of managers of that condominium with respect to the of-

fices of each of the three members of that board not designated by White Sands Condominium or its designee.

Contract language is ambiguous when it is "reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]), "and there is nothing to indicate which meaning is intended, or where there is contradictory or necessarily inconsistent language in different portions of the instrument" (*Travelers Ins. Co. v Castro*, 341 F2d 882, 884 [1965]). "It has long been the rule that ambiguities in a contractual instrument will be resolved *contra proferentem*, against the party who prepared or presented it" (*151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]). Hence, a contract which is internally inconsistent in material respects or that reasonably lends itself to two conflicting interpretations is subject to the rule invoking strict construction of the contract in the light most favorable to the nondrafting party (*see generally Fernandez v Price*, 63 AD3d 672 [2009]; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.*, 31 AD3d 100 [2006]; *Turner Press v Gould*, 76 AD2d 906 [1980]).

The plaintiffs established their entitlement to judgment as a matter of law declaring that the sponsor of White Sands Condominium (hereinafter the sponsor) and its designee are precluded from voting in the election for members of the board of managers of that condominium (hereinafter the board) with respect to the offices of each of the three board members not designated by the sponsor or its designee. The plaintiffs demonstrated that certain provisions of the governing documents of the condominium, which include, inter alia, the offering plan and the condominium bylaws, are inconsistent. The plaintiffs proffered the offering plan, which provides, in two separate sections, inter alia, that at the second annual meeting of the unit owners, the unit owners other than the sponsor may elect the five-member board, "except that two members may be designated by the [s]ponsor if it owns one or more Unit," which it did at the time. Alternatively, the offering plan provides, in other sections, that each unit owner, including the sponsor and its designee, shall be entitled to cast one vote at all meetings of the unit owners for each .001% of common interest in the condominium attributable to the units owned by the sponsor or its designee. The condominium's bylaws further provide that the sponsor and its designee shall have the right to vote for members of the board, to the extent of the common elements attributable to units owned by the sponsor and its designee. Construing the ambiguities in the offering plan and bylaws in the light most favorable to the plaintiffs, as the nondrafting parties, the plaintiffs

established, prima facie, that the sponsor and its designee are entitled to designate two members of the five-member board, but are precluded from voting in any election to choose the other three members of the board.

The plaintiffs also demonstrated that the defendants have continuously treated the sponsor and its designee as interchangeable entities throughout this litigation. In addition, the plaintiffs proffered an affidavit, wherein the defendant Moussa Shokrian admitted that the sponsor and its designee are owned and directed by the same four individual members. Thus, the plaintiffs have established that, under the particular facts of this case, the sponsor's designee should be considered the sponsor's alter ego. Accordingly, the sponsor's designee should be regarded as having all of the same rights and restrictions placed upon it as are placed upon the sponsor, and the sponsor's designee must, therefore, also be precluded from voting in the board election.

In opposition, the defendants failed to raise a triable issue of fact. Therefore, the Supreme Court properly, in effect, granted that branch of the plaintiffs' motion which was for summary judgment declaring that the sponsor and its designee are precluded from voting in the election for members of the board with respect to the offices of each of the three board members who are not designated by the sponsor or its designee.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the sponsor and its designee are precluded from voting in an election for members of the board in connection with the offices of each of the three members of the board who are not designated by the sponsor or its designee (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Balkin, Lott and Miller, JJ., concur.