■ MICHELLE MEEHAN, Plaintiff, v COUNTY OF SUFFOLK et al., Defendants/Third-Party Defendants-Appellants-Respondents, and HARVEY BIRNBAUM et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. [41 NYS3d 512]—

In a consolidated action to recover damages for personal injuries, the defendants/third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 30, 2014, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted by the defendant/third-party plaintiff Roslyn Birnbaum, and the defendants/third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendants/third-party defendants which was to sever the third-party complaint insofar as asserted by the defendant/third-party plaintiff Roslyn Birnbaum and to direct that State Farm Insurance Company be joined in the severed action pursuant to CPLR 1001.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On February 18, 2010, the plaintiff, while driving her own vehicle, was involved in an accident with a vehicle driven by Roslyn Birnbaum and owned by Harvey Birnbaum. At the time of the accident, Roslyn was traveling as part of work she performed on behalf of the defendants County of Suffolk and Suffolk County Child Protective Services, incorrectly sued herein as Suffolk County Child Protection Services (hereinafter together the county defendants). Subsequent to the accident, Roslyn and the County executed a "Consultant/Personal Services Contract" (hereinafter the consultant agreement), which indicated that its term was from January 1, 2010, through December 31, 2010, and included a provision requiring the County to provide insurance coverage for Roslyn.

The plaintiff commenced two separate actions to recover damages against the Birnbaums and the county defendants, respectively, which were eventually consolidated. After the county defendants' motion for summary judgment dismissing the complaint insofar as asserted against them was granted, the Birnbaums commenced a third-party action against the county defendants for a judgment declaring that the county defendants breached a contractual obligation to procure insurance on behalf of Roslyn. The county defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint or, in the alternative, to sever the third-party action, asserting that since the consultant agreement was executed after the accident, they were not obligated to provide liability coverage for Roslyn. The Supreme Court denied that branch of the motion which was to dismiss the third-party complaint insofar as asserted by Roslyn and granted that branch of the motion which was to dismiss the third-party complaint insofar as asserted by Harvey. The court granted that branch of the motion which was to sever the third-party complaint insofar as asserted by Roslyn and to direct that State Farm Insurance Company (hereinafter State Farm), with which the Birnbaums had automobile and umbrella insurance policies, be joined in the severed action.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, in support of their motion, the county defendants submitted, inter alia, the consultant agreement entered into between them and Roslyn, which demonstrated that the insurance procurement provision at issue is incomplete and ambiguous (*see Caravousanos v Kings County Hosp.*, 74 AD3d 716, 718

[2010]), and that the consultant agreement itself is ambiguous because it contains inconsistent language throughout (*see Natt v White Sands Condominium*, 95 AD3d 848, 849 [2012]). " '[W]here two seemingly conflicting contract provisions reasonably can be reconciled, a court is *required* to do so and to give both effect' " (*Moulton Paving, LLC v Town of Poughkeepsie*, 98 AD3d 1009, 1012 [2012], quoting *LI Equity Network, LLC v Village in the Woods Owners Corp.*, 79 AD3d 26, 35 [2010]). Moreover, the failure to execute the consultant agreement until after the accident does not constitute an "absolute bar" to Roslyn's third-party claims (*Smith v AJ Contr. Co.*, 277 AD2d 305, 307 [2000]). Accordingly, as the county defendants' submissions do not demonstrate, as a matter of law, that they did not breach the terms of the consultant agreement, the Supreme Court properly denied that branch of the county defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted by Roslyn (*see generally Caravousanos v Kings County Hosp.*, 74 AD3d at 719).

Contrary to the Birnbaums' contentions, the Supreme Court did not err in directing the joinder of State Farm, as State Farm may be inequitably affected by a judgment on Roslyn's third-party claims against the county defendants (*see* CPLR 1001). Moreover, the court providently exercised its discretion in directing the severance of Roslyn's third-party claims "to ensure that no mention of insurance coverage is made during the trial of the main action" (*Winstead v Uniondale Union Free School Dist.*, 170 AD2d 500, 504 [1991]; *see* CPLR 1010; *see generally Christensen v Weeks*, 15 AD3d 330, 331 [2005]; *Schorr Bros. Dev. Corp. v Continental Ins. Co.*, 174 AD2d 722, 722 [1991]).

The parties' remaining contentions are without merit. Rivera, J.P., Austin, Maltese and Barros, JJ., concur.