Borzilleri v Borzilleri
2026 NY Slip Op 02814
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

John Borzilleri, appellant-respondent,
v
Sarah Boyce Borzilleri, respondent-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2020-09665, (Index No. 5089/17)
Mark C. Dillon, J.P.
Barry E. Warhit
Carl J. Landicino
Phillip Hom, JJ.

Altman & Company P.C., Southampton, NY (Steven Altman of counsel), for appellant-respondent.
Quatela | Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri of counsel), for respondent-appellant.
In an action for a divorce and ancillary relief, the plaintiff appeals, and the defendant cross-appeals, from a judgment of divorce of the Supreme Court, Suffolk County (Cheryl A. Joseph, J.), entered December 2, 2020. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated May 21, 2020, made after a nonjury trial, (1) awarded the defendant maintenance in the sum of $2,526.62 per month for a period of 6.5 years retroactive to the date of her application for maintenance, (2) awarded the defendant child support in the sum of $2,554.38 per month, (3) made an equitable distribution of the marital assets, and (4) awarded the defendant attorneys' fees in the sum of $40,000. The judgment of divorce, insofar as cross-appealed from, made an equitable distribution of the marital assets and awarded the defendant attorneys' fees in the sum of only $40,000.

[*1]
DECISION & ORDER
By order to show cause dated January 19, 2022, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal and cross-appeal on the ground that the appeal and cross-appeal have been rendered academic, in whole or in part, by a stipulation of the parties, which was so-ordered on August 16, 2021. By decision and order on motion of this Court dated March 30, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross-appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal and cross-appeal, it is
ORDERED that the motion is granted to the extent that the appeal from so much of the judgment of divorce as awarded the defendant maintenance, awarded the defendant child support prospectively from August 16, 2021, and determined issues of equitable distribution pertaining to educational expenses, the defendant's Charles Schwab account, and the parties' 2018 capital gains tax liability is dismissed as academic, without costs or disbursements, and the cross-appeal from so much of the judgment of divorce as determined the issue of the parties' 2018 capital gains tax liability is dismissed as academic, without costs or disbursements, and the motion is otherwise denied; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in November 1999 and have two emancipated children. On September 29, 2017, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, in a decision dated May 21, 2020, the Supreme Court determined the issues of maintenance, child support, equitable distribution, and attorneys' fees. A judgment of divorce was entered on December 2, 2020, upon the decision. The plaintiff appeals, and the defendant cross-appeals.
On August 16, 2021, while this appeal and cross-appeal were pending, the parties entered into a so-ordered stipulation that expressly resolved all financial matters with the exception of child support, attorneys' fees, and certain issues pertaining to equitable distribution, which were reserved for appeal. Insofar as the parties waived their arguments relating to maintenance, their 2018 capital gains tax liability, educational expenses, and the defendant's Charles Schwab account in the stipulation, and further agreed that no further payments of child support were due to the defendant, those issues have been rendered academic (see Aniqa Halal Live Poultry Corp. v Montague-Lee Ltd. Partnership, 110 AD3d 934, 934). Accordingly, the appeal from so much of the judgment of divorce as awarded the defendant maintenance, awarded the defendant child support prospectively from August 16, 2021, and determined issues of equitable distribution pertaining to educational expenses, the defendant's Charles Schwab account, and the parties' 2018 capital gains tax liability and the cross-appeal from so much of the judgment of divorce as determined the issue of the parties' 2018 capital gains tax liability must be dismissed as academic. As the stipulation expressly reserved the remaining issues for appeal, those issues are not academic (see Smith v AJ Contr. Co., 277 AD2d 305, 306).
"In determining child support obligations, '[t]he court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal'" (Bailey v Bailey, 232 AD3d 574, 576, quoting Tuchman v Tuchman, 201 AD3d 986, 990). "'[A] court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings. The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives'" (id., quoting Diliberto v Diliberto, 230 AD3d 637, 639).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in imputing income to him based on the evidence at trial, including tax returns, reflecting his past earnings, actual earning capacity, and educational background (see Matter of Monti v DiBedendetto, 151 AD3d 864, 866; Matter of Mireille J. v Ernst F.J., 220 AD2d 503, 504). The court also properly determined that the plaintiff was the noncustodial parent because the parties shared equal custody of the children before they were emancipated and the plaintiff had the greater pro rata share of the child support obligation (see Cicale v Cicale, 231 AD3d 705, 707; Matter of Smisek v DeSantis, 209 AD3d 142, 143). Similarly, the court providently exercised its discretion in imputing $35,000 in annual income to the defendant based on her age, lack of consistent work history, and health conditions limiting her ability to work (see Bailey v Bailey, 232 AD3d at 576; Volkerick v Volkerick, 153 AD3d 885, 886). The court's credibility findings will not be disturbed (see Bailey v Bailey, 232 AD3d at 576).
"'Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property'" (Spera v Spera, 71 AD3d 661, 664 [internal quotation marks omitted], quoting Massimi v Massimi, 35 AD3d 400, 402). "Marital property is to be viewed broadly, while separate property is to be viewed narrowly" (Hymowitz v Hymowitz, 119 AD3d 736, 740). "In addition, '[s]eparate property can be transmuted into marital property when the actions of the titled spouse demonstrate his [or her] intent to transform the character of the property from separate to marital'" (Spera v Spera, 71 AD3d at 664, quoting Imhof v Imhof, 259 AD2d 666, 667). "'Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion'" (Lieberman-Massoni v Massoni, [*2]215 AD3d 656, 658 [internal quotation marks omitted], quoting Kattan v Kattan, 202 AD3d 771, 773; see Santamaria v Santamaria, 177 AD3d 802, 804). "Moreover, where a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Glessing v Glessing, 212 AD3d 783, 784).
The Supreme Court properly awarded the plaintiff a credit in the amount of the down payment he paid for certain real property located in Cutchogue (hereinafter the Cutchogue property), which the plaintiff purchased prior to the marriage (see Murphy v Murphy, 4 AD3d 460, 461). The court, upon credibility determinations that will not be disturbed, also providently exercised its discretion in determining that the plaintiff failed to demonstrate that the Cutchogue property retained its separate character because the plaintiff acknowledged during his testimony that in 2005, title to the Cutchogue property was transferred to a trust in which both parties were trustees and had a beneficial interest in the trust, which indicated an intent on the part of the plaintiff to transform the Cutchogue property into marital property (see Spera v Spera, 71 AD3d at 664; Sherman v Sherman, 304 AD2d 744, 744). Moreover, the plaintiff failed to demonstrate entitlement to a credit for the appreciation of the value of the Cutchogue property before it was transformed into marital property because the plaintiff failed to establish by competent evidence the monetary value of the alleged appreciation of the Cutchogue property at that time (see Ospina-Cherner v Cherner, 178 AD3d 1059, 1061).
The plaintiff also contends that he purchased a house located in Brighton, Massachusetts (hereinafter the Brighton property), prior to the marriage. The Brighton property allegedly was sold in 2002, generating a profit of approximately $268,000. The plaintiff testified that the entirety of those profits were used to pay down the mortgage on marital property located in Hingham, Massachusetts (hereinafter the Hingham property), which the parties purchased and owned together. Further, according to the plaintiff, after the Hingham property was sold, the funds from the sale were placed into an investment fund, which, according to the defendant, contained other marital funds. "Separate property that is commingled with marital property presumptively becomes marital property" (Szypula v Szypula, 42 NY3d 620, 625). "Courts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421). The plaintiff's actions in using funds generated by the sale of the Brighton property to pay down the mortgage on the Hingham property that was owned by both parties, and then purportedly depositing money from the sale of the Hingham property into an investment fund containing marital funds, demonstrated that he did not intend for those funds to remain separate property, and the Supreme Court providently exercised its discretion by, in effect, denying the plaintiff's request for a separate property credit in the amount of $268,000 (see Loria v Loria, 46 AD3d 768, 770).
"By statute, there is 'a rebuttable presumption that counsel fees shall be awarded to the less monied spouse'" (Marchese v Marchese, 185 AD3d 571, 575, quoting Domestic Relations Law § 237[a]). "While the statute creates a presumption that counsel fees are to be awarded to the less affluent spouse, it does not address the amount of fees to be awarded" (Kaufman v Kaufman, 189 AD3d 31, 74; see Marchese v Marchese, 185 AD3d at 575). "The decision to award an attorney's fee lies, in the first instance, in the discretion of the trial court and then in the Appellate Division, whose discretionary authority is as broad as that of the trial court" (Caracciolo v Chodkowski, 90 AD3d 801, 803; see Domestic Relations Law § 237[a], [c]). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation" (Marchese v Marchese, 185 AD3d at 576; see Ostrower v Ostrower, 148 AD3d 819, 820).
Here, considering all of the relevant circumstances, the Supreme Court providently exercised its discretion in awarding the defendant attorneys' fees, as the defendant is the less monied spouse, and the plaintiff's conduct throughout the proceedings unnecessarily delayed the litigation (see Marchese v Marchese, 185 AD3d at 577-579; Sutaria v Sutaria, 123 AD3d 908, 909). However, the record does not support the defendant's contention that she should have been awarded [*3]the sum of $100,000 in attorneys' fees.
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court